CHARLES M. GOSS *vs.* WILLIAM A. BROOM.

January 31, 1884.

**Agent to sell Land—Commission, when Earned.**—The plaintiff was employed by the defendant, without power of attorney to convey, "to sell" real estate, for the price of $8,000; "$3,000 cash," and the balance ($5,000) at a future time specified. His compensation was agreed upon. *Held,* that the agent completely executed this authority, and earned the stipulated compensation, when he procured a purchaser, and bound him by contract to the performance of the specified conditions, although no money was paid.

**Contract to sell Land—"Cash" Payment.**—The terms, "$3,000 cash," do not import in such case the payment of any money until the owner should transfer the property by his deed of conveyance.

**Same—Presumption of Purchaser's Ability to Perform Contract.**—It is presumed that the purchaser was able to perform the obligations assumed by contract.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial.

*F. B. Hart,* for appellant.

*Merrick & Merrick,* for respondent.

DICKINSON, J. The defendant authorized the plaintiff, as his agent, to sell a tract of land, for which he was to receive a stipulated compensation. This action is for the recovery of that compensation. A verdict was rendered for the plaintiff. The defendant seeks a new trial on the ground that the verdict is not sustained by the evidence. The terms of sale prescribed by the defendant to the plaintiff were that the price should be eight thousand dollars; "three thousand dollars cash, and a first mortgage, payable on or before three years, for the balance of purchase-money," ($5,000.) On the 18th day of December, 1882, the defendant contracted in writing with one Paulson, for the sale of the property for eight thousand dollars; "three thousand dollars cash, balance on or before three years from January, 1883, at eight per cent. interest per annum." This agreement also provided that the deed should be delivered within 30 days. No money was

paid at the time of making the contract, but the purchaser gave the plaintiff his check for $100. There is evidence that the defendant was informed of this contract of sale on the day it was made. On the following day the defendant himself sold the same property to another person.

The appellant claims that the agent did not comply with the conditions imposed upon him, in that he did not procure the payment of any *money* from Paulson. It does not appear that it was the plaintiff's duty, in exercising the authority conferred, to procure the payment of any money. He became entitled to the stipulated compensation when he had done all that he was empowered to do. This he did by negotiating a sale, and making a contract binding the purchaser to a performance of the terms prescribed. The power of the agent extended no further. He could not convey the property to the purchaser. It was for the defendant to make the deed of conveyance, and with that the plaintiff, as agent, had nothing to do. The payment of money was not necessary to make valid and binding the contract of sale, nor do the prescribed terms, "three thousand dollars cash," import that that sum, or any money, was to be paid prior to the conveyance of the property to the purchaser. They rather have the meaning that that sum should be paid at the time when the sale should be actually consummated by a transfer of the estate by the proper conveyance from the owner. By the terms of the contract made with Paulson, the plaintiff was to receive the $3,000 when he should perform the obligation which rested upon him of executing to the purchaser a conveyance of the property. It is to be presumed that Paulson was solvent, and able to perform the obligations assumed by him under the contract. *Hart* v. *Hoffman*, 44 How. Pr. 168. The conduct of the defendant, disregarding the contract made with Paulson, seems not to have been affected by any consideration as to the responsibility of the latter.

No exception appears to have been taken to the charge of the court, and we will not consider a question now raised as to its correctness. No other errors are alleged.

Order affirmed.