HOBART O. HAMLIN and another *vs.* JOHN SCHULTE.

March 1, 1886.

**Agent to find Purchaser for Real Estate—Commission, when Earned.**
A real estate agent, employed to procure a purchaser of real estate, but
not to execute a contract on behalf of the seller, is entitled to his com-
pensation, where it appears that he has procured such purchaser, able,
ready, and willing to make and complete the purchase upon the terms
stipulated between such agent and his principal, though, in consequence
of the default of the seller, or his inability to make a good title, no sale
is finally consummated.

**Same—Sale not Consummated through Failure of Principal to Com-
ply with Terms.**—And where it appeared, as a part of the terms and
conditions stipulated between the vendor and his agents upon which a
purchaser was to be procured, that it was understood that the vendor's
wife should unite in the sale, and also in a warranty deed of the premises,
(it being necessary to a good title,) and a purchaser was procured by such
agents, ready and willing to take the property and complete the pur-
chase on such terms, but the sale was not consummated through the
vendor's failure to comply with such conditions, and because of the refusal
of the wife to ratify and consent to such sale, *held*, that a *prima facie*
case was made in behalf of such agents for a recovery against their prin-
cipal for their compensation.

After the decision of a former appeal in this action, reported in 31
Minn. 486, the plaintiffs amended their complaint. The defendant,
having answered, moved for judgment on the complaint and answer,
which motion was granted by *Young*, J., and the plaintiffs appeal
from the judgment so entered.

*W. E. Hale*, for appellants.

*Ueland, Shores & Holt*, for respondent.

VANDERBURGH, J.    It appears by the amended complaint that the
plaintiffs, real estate brokers, were employed by defendant to pro-
cure a purchaser for certain specified terms, contemplating the exe-
cution and delivery of a deed of the premises, a cash payment by the
purchaser, and security for the deferred payments. It further ap-
pears that the plaintiffs did succeed in finding a purchaser who was
ready and willing to buy the property on the proposed terms, and

that thereupon, acting on behalf of defendant and his wife, who they assumed would join in the deed, they entered into a written contract with such purchaser. It does not appear, however, that they were authorized to sign a written contract on behalf of the parties, and it is alleged in the answer, and stands admitted upon the record, that the defendant's wife did not consent to or ratify the contract. Such contract expressed the terms as theretofore fixed by defendant, and also provided that the wife was to be a party to the conveyance. The amended complaint further shows that the plaintiffs thereupon notified the defendant of what they had done in the premises, "and read to him the contract, whereupon the defendant fully assented to and ratified the said contract, and all the acts, matters, and things done by said plaintiffs in procuring said purchaser and in signing said contract;" but that, at his request, certain changes in the terms of the agreement in reference to the deferred payments were made, and verbally assented to, and satisfactorily arranged between the parties, through the agency of the plaintiffs. The negotiations were continued through the plaintiffs until the minds of the parties met as to the terms of the sale and nature of the contract. It also appears that the purchaser has at all times since been ready and willing to complete the purchase of the property upon the terms mentioned in the contract as modified, and to fully perform the same on his part.

It is insisted by the defendant that the complaint does not show that the plaintiffs have earned their commissions or procured a purchaser ready and willing to take the property upon defendant's terms, because his wife is made a party to the agreement without her authority, and that defendant could only be bound by a contract with himself alone; but we think it was competent for defendant, assuming to act for himself and wife, to employ the plaintiffs and authorize them as real estate brokers to procure a purchaser upon the terms alleged to have been authorized or ratified by him, and, among other things, to provide that his wife should join in the contract or deed in order to assure the acquisition of her interest and a clear title. He could make such terms if he chose to do so, whether he was able to comply with them or not as respects his wife's interest. That would be a matter which would concern him, and not his agents.

The plaintiffs were not employed to make the final contract between the parties, but to find a purchaser for the property; and the memorandum made by them may be considered, for the purposes of this case, as in the nature of a proposition submitted to the defendant, including the terms and conditions of the purchase; and, independently of the extent of the agents' authority in the first instance, he might ratify or modify it. If, as the final result of the negotiations, it appears that they have procured a purchaser for the property upon the defendant's terms, the complaint should be held sufficient, and the mere fact of his refusal or inability to procure his wife's assent or signature to the deed or contract ought not, as between him and them, to be held sufficient to defeat the action. It is plain enough, if the complaint be true, that the defendant understood the terms of the contract just as they were understood by the plaintiffs and the purchaser, and that the conditions of the proposed sale required his wife to join in it. It was necessary that the wife should join in order to give the purchaser a good title; and the provision in the contract had respect to the title. And this was the view of the case taken by this court on the former appeal, (31 Minn. 486,) where it was held that it was no valid ground of objection to a recovery by plaintiffs that the contract required the wife to join; but it did not then appear that the terms of sale were otherwise in conformity with defendant's instructions.

The rule is well established that the broker is entitled to recover his compensation, where a purchaser, procured through his agency, is able, willing, and ready to complete the purchase on the terms mutually stipulated between the parties, although, through the default of the seller, or his inability to fulfil the terms on his part or make a good title, no sale is finally consummated. *Stillman* v. *Mitchell*, 2 Robt. 523, 537; *Holly* v. *Gosling*, 3 E. D. Smith, 262; *Chilton* v. *Butler*, 1 E. D. Smith, 150; *Doty* v. *Miller*, 43 Barb. 529; *Armstrong* v. *Wann*, 29 Minn 126, and cases cited; *Jones* v. *Adler*, 34 Md. 440; *Phelan* v. *Gardner*, 43 Cal. 306; *Rupp* v. *Sampson*, 16 Gray, 398; *Moses* v. *Bierling*, 31 N. Y. 462; *Mooney* v. *Elder*, 56 N. Y. 238; *Barnard* v. *Monnot*, 3 Keyes, 203; *Lynch* v. *McKenna*, 58 How. Pr. 42; *Kock* v. *Emmerling*, 22 How. 69.

Respondent's main point is that it does not appear that the purchaser was ready and willing to contract with defendant alone, and that he could not ratify an unauthorized contract on behalf of his wife. But these objections go rather to the question of the defendant's ability to fulfil the terms agreed on and contained in the negotiations, and not to the terms upon which plaintiffs were authorized to procure a purchaser. Such was not the contract contemplated here. It must have been in the minds of the parties, principal and agents, and mutually understood, that the wife should join; and we think it is clear that the terms of their employment would be satisfied if they found a purchaser ready and willing to purchase, not merely on the terms agreed as to price and security, but also on the condition that his wife should be bound by the contract. If any executory contract had been made with defendant alone, in which he stipulated that his wife should join in and be a party to a warranty deed of the property in order to a perfect title, and she should thereafter refuse so to do, the purchaser might refuse to complete the purchase for that reason; and the practical distinction between such a case and the case at bar would appear to be quite insubstantial as respects the relations of the vendor and his agents, which may properly be determined by the stipulations they make between themselves. If, then, the purchaser in this case was procured upon terms in conformity with which the vendor assumed to be prepared to sell, and stipulated for by himself, he ought not to object, as against the claim of his agents, that he had no authority to make such terms. Otherwise he would be permitted, not only to disappoint the purchaser, but also deprive them of their compensation, fairly earned, through collusion with his wife, or his inability to persuade her to join in the deed.

Judgment reversed.