T. E. BURKE and others *vs.* THEODORE S. COGSWELL.

November 9, 1888.

**Real-Estate Agent—Commissions.**—The testimony in this case examined, and *held* to justify the findings of fact and conclusions of law in the court below.

Appeal by defendant from a judgment of the municipal court of St. Paul.    The action was brought by plaintiffs, real-estate agents, for $200 as commission on the sale mentioned in the opinion.

*Levi M. Vilas,* for appellant.

*John D. O'Brien,* for respondents.

COLLINS, J.    The findings of fact in the court below are sufficient to sustain the judgment appealed from, if due consideration thereof will justify the belief that the elder Schurmeier was, in fact, the purchaser mentioned in the complaint, and that the sale to him was part of the original transaction with his son.    The broker is entitled to his commission when he has procured a purchaser who is able, willing, and ready to complete the purchase upon terms mutually stipulated between the parties.    *Hamlin* v. *Schulte*, 34 Minn. 534, (27 N. W. Rep. 301,) and cases cited.    In this case appellant placed his property in respondents' hands for sale.    Early in September, 1887, a purchaser was found by them who professed a willingness and ability to purchase on terms which seem to have been satisfactory, for a written contract was entered into September 6th, which was signed by appellant and by "Hub C. Schurmeier, agent for Bertha L. Schurmeier."    By it appellant agreed to sell, and said Bertha—who was the wife of said Hub C. Schurmeier—agreed to buy, the premises.    One hundred dollars was paid to appellant as earnest-money,

and 10 days given within which to examine the title, and make further payments. On September 19th appellant, in writing, notified H. C. Schurmeier that the contract of sale was cancelled. On September 30th, Bertha and her husband, Hub C. Schurmeier, released by quitclaim deed their interest in the premises; and soon afterward, through the active agency of H. C. Schurmeier, (also in the real-estate business,) appellant sold and conveyed to the father, John H. Schurmeier. By this sale the son secured a commission of $50 less than that which would have been due respondents had the first contract been carried out, while the purchaser received the benefit of the $100 paid appellant as earnest-money when said contract was entered into. The son and his wife, Bertha, immediately entered into possession, and continue to occupy the premises. We think these circumstances, taken in connection with the rather hasty cancellation of the written contract, on the alleged ground that the proposed purchaser was unable to carry out its provisions; the prompt release by quitclaim to appellant; the speedy sale and conveyance to the elder Schurmeier on the same terms agreed on in the writing; and the statement of young Schurmeier, on the witness stand, that "I turned the matter over to my father,"—indicate that there was but one transaction, commencing with respondents' efforts to find a purchaser for appellant's property, and terminating in the deed to the elder Schurmeier.

Judgment affirmed.