LOUIS P. CREVIER *vs.* KATE C. W. STEPHEN.

March 19, 1889.

**Real-Estate Broker—Employment—Commission.**—The evidence in this case, which was brought to recover an amount of money claimed to be due as commissions for the sale of real estate by a broker, examined and considered. *Held*, that the trial court erred in directing the jury to find a verdict for the defendant.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial after verdict for defendant directed by the court.

*Cobb & Wheelwright*, for appellant.

*Ferguson & Kneeland*, for respondent.

COLLINS, J. By his complaint in this action plaintiff claims that as a real-estate broker he was employed by defendant to sell for her a certain tract of land at a fixed price and upon stated terms, for which, as his commission, she was to pay him the sum of $500; that he did so sell; and that defendant now refuses to pay for his services. The answer put in issue all of the principal allegations of the complaint. When the testimony had all been laid before the jury, the court directed, and the jury returned, a verdict for the defendant. If the testimony in plaintiff's behalf was sufficient to justify a verdict, or if from the whole evidence a cause of action was made out, the court erred in directing the action of the jurors. It seems that

prior to October 6th defendant had listed her property for sale with the witness Wait, who was a real-estate broker. His authority to sell had expired, however, when, at plaintiff's request, (the plaintiff having a customer for the land at a certain figure,) Wait informed defendant by letter that he had found a purchaser, naming the amount which he would pay, and stating that, if defendant would sell for that price, he would wire her when the anticipated customer came to the city. To this defendant replied that, upon being notified, she would be at Wait's office. On the 6th of October, in response to a dispatch, the defendant proceeded to Wait's office, and there first met the plaintiff, and later on Mr. Yawkey, the person who proposed to purchase. The plaintiff's version of what occurred at this interview differs essentially from that of defendant. He testifies, and in the main is corroborated by Wait, that he informed defendant that he had a customer for her land, and asked the price; that, in response, she specified a net figure, whereupon he stated that his customer would pay more, naming the amount which had been mentioned in Wait's letter. At this defendant replied that she wanted no more than the net price fixed, and that plaintiff could have the excess as his commission. Subsequently he brought Yawkey to the office, presented him as the purchaser to defendant, and, at the latter's request, left them to arrange the details of the proposed trade. A contract was drawn by Yawkey, signed by defendant, in which she agreed to sell the land in question to Yawkey for the sum stated by plaintiff. She also received from him a small sum of money as part-payment of the purchase price. The plaintiff, although present, took no part in the details or terms of the sale, nor in the form or contents of the instrument executed by defendant.

As he was not called upon and had no voice in its preparation,—so far as now appears from the testimony,—he should not be held responsible if, as defendant asserts, it is non-enforceable, because defectively drawn. It is immaterial just when the plaintiff was employed to secure a customer for defendant's land, if he was so employed in fact. So far as the defendant is interested, it might as well be after plaintiff had shown the property and obtained an offer as before. If the broker's labor is already completed, the contract of em-

ployment is immediately followed by one of sale, without the usual delay. The defendant ought not to complain of promptness, as it was beneficial to her, although it seems to have been the result of plaintiff's efforts to find a purchaser, made before he claims to have been constituted her agent. If, then, the jury had seen fit to rely upon plaintiff's testimony, it would have warranted a finding that from the language used the defendant was advised, and should have known, that his occupation was that of a real-estate broker, engaged in finding persons who desired to buy real property, and introducing them to those who wished to sell, making sales, and transacting such business as is connected with a real-estate agency; and would further have justified the conclusion that, having reason to know this, defendant accepted his services, appropriated his efforts in her behalf, sought an interview with his customer, and finally sold to a purchaser procured by the plaintiff. If the jurors so construed the testimony, the plaintiff would be entitled to the usual commission, or to such sum as had been agreed upon as his compensation. All that plaintiff had to do, if he was employed as he insists, was to procure a purchaser ready and willing to buy upon the defendant's terms,—to have been the procuring cause of the sale,—and it is immaterial that the defendant herself made the bargain. *Armstrong* v. *Wann*, 29 Minn. 126, (12 N. W. Rep. 345;) *Hamlin* v. *Schulte*, 34 Minn. 534, (27 N. W. Rep. 301.

If, however, the plaintiff and defendant actually agreed that the former should receive no compensation unless defendant was paid the amount of the purchase price, he would not have been entitled to recover without showing such payment. It appears that he did assent to receiving, in lieu of the customary percentage for such service, the amount which his customer stood ready and willing to pay over and above defendant's net price; but from this fact, and from the version given by plaintiff and his witness as to what was said by the parties, it does not inevitably or indisputably follow that payment of this sum depended upon or was to be deferred until final and complete satisfaction of the purchaser's obligation to defendant.

In this connection, it may be observed that the answer denies any employment by defendant, and alleges that the contract of sale, signed

by the defendant when she received a small portion of the purchase price from Yawkey, was made without the aid or procurement of the plaintiff; and that upon the trial the defendant aimed to show that the sale was brought about by Wait, who, defendant expected, "would have claimed a reasonable compensation had he sold the place." There was no attempt on defendant's part to show that plaintiff's services were to be paid for when the purchaser fulfilled his obligation, and that his compensation was made contingent upon final payment by the customer he brought; nor is there anything in the case to show that Yawkey has refused to pay for the land as agreed upon, unless we infer it from defendant's testimony that she stands ready to comply with the terms of the contract, and that nothing has been done. There can be no presumption that the vendee has declined to consummate the trade, even though we concede he cannot be compelled so to do. A *prima facie* case for a recovery was made out, and the issues should have been passed upon by the jury.

Order reversed.