JULIUS GROSSE and others *vs.* MARY A. COOLEY.

April 24, 1890.

**Real-Estate Broker—Commission—Solvency of Purchaser Presumed.**
Where a real-estate broker has procured a purchaser for the property of his principal, the solvency and ability of such purchaser to perform the obligations of his contract will be presumed until the contrary is proved.

Action brought by plaintiffs in the municipal court of Minneapolis, to recover $500 as their commission on a sale of real estate negotiated by them for defendant. Upon trial by the court judgment was ordered and entered for plaintiffs for the amount claimed, and the defendant appealed.

*E. E. Cooley,* for appellant.

*Gray & Pulliam,* for respondents.

MITCHELL, J. We fail to discover any prejudicial error in the rulings of the trial judge, and we think the evidence fully sustains the findings. It is sufficiently established that the defendant agreed with plaintiffs to pay them $500 commission if they would procure a purchaser for a certain tract of real estate at a specified price; that they did find such a purchaser at that price and on terms satisfactory to defendant; that such purchaser executed a written contract, agreeing to buy the land on those terms, and paid $200 earnest-money on the bargain. There is no evidence that this purchaser has ever refused to carry out his bargain, or that he was unable to do so. This was sufficient to establish plaintiffs' right to recover. A real-estate broker is entitled to his commission under a contract like this when he produces a purchaser able, ready, and willing to buy on the owner's terms. The main point urged by appellant is that the burden was on plaintiffs to show that the proposed purchaser was solvent, and able to carry out the bargain. The rule in this state is otherwise. Solvency is always presumed until insolvency is proved. The presumption is that the purchaser was able to perform the obligations assumed by his contract. *Goss* v. *Broom,* 31 Minn. 484, (18 N. W. Rep. 290;) *Crevier* v. *Stephen,* 40 Minn. 288, (41 N. W. Rep. 1039.)

His willingness to do so in this case was evidenced by his executing a binding contract to that effect, and paying earnest-money. The plaintiffs certainly made out a *prima facie* case.

There was no error in admitting in evidence the contract, Exhibit A. Although plaintiffs might have had no authority to sign such a contract of sale in behalf of defendant, yet, being also signed by the proposed purchaser, it was certainly competent evidence of the fact that plaintiffs had procured a purchaser for the property on defendant's terms. The most that can be said against the admission of Exhibit B (the receipt of defendant's agent and uncle to plaintiffs for the earnest-money) is that it was immaterial, but, if so, its admission was, under the circumstances, error without prejudice.

Judgment affirmed.