## STAUFFER ET AL. *v.* LINENTHAL.

[No. 3,770. Filed June 17, 1902.]

CONTRACTS.—*Partly Written.*—A contract of employment partly through letters and partly oral will be treated as a parol contract. *p. 306.*

BROKERS.—*Contracts.*—*Sales.*—An undertaking by a broker to sell property is an engagement to find a purchaser, and a broker is entitled to his commission when he shows that he procured a purchaser ready and willing to purchase upon the terms proposed. *p. 306.*

SAME.—*Sales.*—*Commission.*—*Trial.*—*Burden of Proof.*—Where in an action by a broker for a commission for negotiating a sale of property it appeared that the proposition was accepted and a written contract entered into by the parties, it will be presumed that the purchaser was able to carry out the contract, and the burden was upon defendant to show the purchaser's inability to comply with the contract. *pp. 306, 307.*

TRIAL.—*Directing Verdict.*—*Brokers.*—Where there was some evidence to support the plaintiff's complaint in an action for brokerage commission it was error for the court to direct a verdict for defendant. *pp. 307, 308.*

From LaPorte Circuit Court; *J. C. Richter,* Judge.

Action by Harlan A. Stauffer and others against Isaac B. Linenthal for brokerage commission. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*Mortimer Nye* and *M. R. Sutherland,* for appellants.
*F. E. Osborn* and *H. W. Sallwasser,* for appellee.

ROBINSON, J.—Suit by appellants to recover brokerage commission. The jury, upon an instruction by the court to that effect, returned a verdict for appellee. Overruling the motion for a, new trial is assigned as error. The complaint avers that appellants contracted with appellee to sell and dispose of a certain stock of goods, for which appellee agreed to pay a certain commission; that appellants sold the goods, and did and performed all the conditions of the contract.

As it appears that the contract of employment was partly through letters and partly oral, it will be treated as a parol contract. Although the complaint avers that the contract was to sell the goods, and that appellants did sell them, yet in such case it is held that the broker is entitled to his commission when he shows that he procured a purchaser ready and willing to purchase upon the terms proposed; that an averment that the broker sold the property necessarily includes the averment that he found a purchaser. *Lockwood* v. *Rose,* 125 Ind. 588.

In *McFarland* v. *Lillard,* 2 Ind. App. 160, 50 Am. St. 234, it was argued that there is a distinction between the case of a broker undertaking to sell, and one undertaking to find a purchaser, but the court said: "We can not find any meritorious distinction between the two classes of cases. The broker, in either case, is required to do no more than find a purchaser. He can not do the selling unless specially authorized to do so by power of attorney. That must be done by the principal. The undertaking to 'sell' in such cases is no more than an engagement to find a purchaser who is ready and willing to buy." *Treat* v. *De Celis,* 41 Cal. 202; *Duffy* v. *Hobson,* 40 Cal. 240, 6 Am. Rep. 617; *Goss* v. *Broom,* 31 Minn. 484, 18 N. W. 290; *Reynolds* v. *Tompkins,* 23 W. Va. 229.

It appears from the evidence that appellee accepted the offer of the purchaser produced by appellants, and that appellee and the purchaser entered into a written contract for the exchange of property. When this contract was made, the

presumption is that the purchaser was able to carry out the contract, and the burden was upon appellee to show the purchaser's inability to comply with the contract. *McFarland* v. *Lillard, supra; Goss* v. *Broom, supra; Cook* v. *Kroemeke,* 4 Daly 268; *Hart* v. *Hoffman,* 44 How. Pr. 168. The written contract for the exchange of property was made February 13, 1900, between appellee and the purchaser Schroeder. By its terms appellee was to exchange the stock of goods for certain real estate, all property to be free of liens. The value of the stock of goods was to be ascertained by invoice taken in a stipulated manner, and the value of the purchaser's real estate to be exchanged was agreed upon; and if the value of the stock, when invoiced, should be greater or less than the real estate, the difference was to be paid in cash by the party whose property was of the smaller value. Schroeder was to convey the real estate to appellee by warranty deed, to be accompanied with an abstract of title. The parties were to take possession of the respective exchanged property on March 1, 1900. By the contract the exchange was to be completed by the first of March. Each party had until that time to do what he had agreed to do under the contract.

To determine the relative value of the respective properties the stock of goods was to be invoiced, and there is some evidence that two or three days after the contract was signed Schroeder .desired to begin the invoice and appellee refused to proceed with it. It is true, it is shown by the cross-examination of appellants' witnesses, appellee not having testified and having introduced no witnesses, that Schroeder did not execute the deed and furnish the abstract, and that his property was subject to a lien. Whether Schroeder's failure to comply with the contract was due to appellee's conduct, or to his inability to do so, is not clear. Appellee did not testify, and his refusal to proceed with the invoice is left unexplained. If two or three days after the contract was made he refused to carry it out, and the ex-

change was prevented by such refusal, his liability for the broker's commission attached. It is true, appellant testified that the commission was to be a certain per cent. in case appellants were able to consummate a sale of the stock, or an exchange of it. But this is necessarily subject to the qualification that a sale or exchange must actually be made unless prevented by some act of the principal himself. He could not defeat the broker's right to the commission by arbitrarily refusing to make the sale or exchange, or by disabling himself from doing so. *McFarland* v. *Lillard,* 2 Ind. App. 160; *Lockwood* v. *Rose,* 125 Ind. 588.

Issue was joined on the complaint by an answer in general denial only, and a careful consideration of the record discloses some evidence in support of the complaint, the sufficiency or insufficiency of which should have been submitted to the jury.

Judgment reversed.