CLARA CHRISTIANSON and Another v. MILLE LACS LAND & LOAN COMPANY.[1]

December 23, 1910.

Nos. 16,910—(154).

**Purchase by broker of vendor.**

Where an agent for the sale of real property, charged as a matter of law with the usual obligations incident to that relation, informs his principal that he has secured a purchaser of the property, and procures from the principal an executory contract for the sale thereof, in which the name of the purchaser is not given, and he subsequently inserts in the contract his own name as

[1]Reported in 129 N. W. 150.

[Note] Effect of broker's purchase of property listed with him on right to commission, see note in 45 L.R.A. 40.

purchaser, the relation of principal and agent, if the principal ratifies the contract, ceases, and that of vendor and purchaser takes its place.

**Same — right to commission forfeited.**

By so becoming the purchaser the agent forfeits his right to a commission for effecting a sale, and he is not, in the absence of a special agreement after the change of the relation, entitled to compensation.

**Findings sustained by evidence.**

Findings of fact *held* sustained by the evidence.

Action in the district court for Benton county to have defendant decreed to be the trustee of plaintiffs in holding title to certain real estate, subject to actual moneys paid in the discharge of actual subsisting and valid judgments against plaintiff Clara Christianson; to quiet defendant's record title and that Clara Christianson be decreed to be the owner thereof; that an accounting be had and that plaintiffs, or one of them, recover from defendant the amount so ascertained to be due from defendant. The facts are stated in the opinion. The reply was a general denial. The case was tried before Taylor, J., who made findings of fact and as conclusion of law found that defendant was trustee of the legal title to the land, for the benefit of plaintiff Clara Christianson, and subject to the terms and conditions of the land agreement mentioned in the opinion, and in the event of nonperformance by the vendee of the terms and conditions of the agreement, plaintiff was entitled to a reconveyance of the legal title and that the action should be dismissed as to defendant Sperry. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*J. D. Sullivan,* for appellant.
*Stewart & Brower,* for respondents.

BROWN, J.

The facts in this case are as follows:

Plaintiffs are husband and wife. Defendant land and loan company is a corporation under the laws of this state, doing a general real estate and loan business at Milaca. The other defendants are not here involved, and we shall hereinafter refer to the corporation as defendant, or the company. Plaintiff Mrs. Christianson owned a

tract of land situated in Benton county, which she and her husband listed with defendant company for sale at the price of $3,600. They subsequently offered to take $3,200 net to them, on certain conditions, which, not having been complied with, are not important. Defendant subsequently reported a sale for the sum of $3,400, but did not disclose the purchaser's name. In November, 1906, a contract for a deed, specifying the terms and conditions of the sale, was prepared by defendant and presented to plaintiffs for signature. They signed and executed the same in duplicate, but the writing did not give or state the name of the purchaser; the blank in the printed form not being filled in with such name. Subsequent to the execution of the contract by plaintiffs, defendant inserted its own name therein as purchaser, without the knowledge of plaintiffs. They were later informed of the fact, and by acceptance of certain payments ratified the same.

Thereafter defendant sold the land to defendant Kirk for the sum of $3,600, and executed and delivered to him a contract for the conveyance thereof upon payment of the purchase price. The contract of sale to defendant company provided for a down payment of $1,200, and the sale was subject to certain incumbrances then of record against the land. The balance of the purchase price, after deducting incumbrances, was payable at stated times in the future. Defendant company received a down payment of $1,500 on its sale to Kirk. Thereafter, on December 29, 1906, the company paid to plaintiffs the sum of $662 in full of the down payment of $1,200 called for by its contract. This amount was arrived at by deducting certain claims against the land, aggregating $538.

A controversy arose between the parties concerning the deductions, at the conclusion of which defendant gave to plaintiffs its check for the amount stated, which they cashed, and upon which they received the money.

It is the contention of defendant that the controversy upon this subject took the form of an accounting and settlement, and that the amount of $662 was paid to and received by plaintiffs in full discharge of the first payment. This was controverted on the trial, and the court below found against defendant's contention.

Subsequent to this payment, possession of the land was delivered, and plaintiffs moved to North Dakota. Thereafter, in April, 1907, one Ewart brought suit against plaintiffs in the district court of Benton county, and recovered therein a judgment against them for the sum of $74.20. The summons was served personally, but no appearance was made by either of the defendants therein. An execution was thereafter issued upon the judgment, pursuant to which all the right, title, and interest of plaintiffs in and to the land in question was levied upon and subsequently sold in the due course of procedure to satisfy the same. One L. G. Sperry was the purchaser at the sale, and the sheriff issued and delivered to him a certificate of sale in due form on the nineteenth day of October, 1907.

The trial court found that Sperry was acting for and in the interests of defendant company, and that in fact the purchase at the sheriff's sale was made by it in Sperry's name. Subsequent to the expiration of redemption, no redemption having been made, Sperry conveyed the land to the company. During the year of redemption under this sale the company paid to plaintiffs the first deferred instalment of the purchase price of the property. After the expiration of redemption, and subsequent to the conveyance by Sperry, the company notified plaintiffs that their interest in the property had terminated by the execution sale, that defendant had purchased the title acquired thereunder, and was no longer indebted to them under the sale contract.

Plaintiffs then brought this action for a reinstatement of the sale contract, demanding that defendant be decreed to hold whatever title it acquired through the Ewart judgment and execution sale as trustee of plaintiffs, and for an accounting and settlement in respect to the amount due plaintiffs under the sale contract. The trial court found the facts substantially as stated, but in greater detail, and as conclusions of law that defendant held the legal title of the property in trust for plaintiffs, that it acquired no title adverse to plaintiffs through the Ewart judgment, and that plaintiffs were entitled to recover the sum of $705, due and unpaid upon the purchase price of the property. The company appealed from an order denying a new trial.

It was conceded by counsel for the defendant on the oral argument that the conclusion of the trial court to the effect that the title acquired by defendant through the Ewart execution sale, by reason of the relations existing between the parties, inured to the benefit of plaintiffs, was correct, and the cause was submitted upon two contentions, namely: (1) That the court below erred in not holding that the settlement between the parties respecting the amount due on the down payment was final and conclusive; and (2) that the court also erred in not allowing defendant a commission for services in selling the land.

1. Both these questions must be resolved against defendant. The first presents a question of fact, and our examination of the record discloses ample evidence to sustain the findings of the trial court thereon. The contract of sale to defendant called for a cash payment of $1,200. When the time for its payment arrived, defendant insisted upon certain deductions on account of claims against the land, and plaintiffs protested against the same. We need not refer to the items. The court found some of them not properly chargeable against plaintiffs, and we affirm that conclusion. But defendant insists that a controversy existed between the parties in respect to the matter, and was compromised and settled, with the result that $662 was paid and accepted in full discharge of the first payment of $1,200. The evidence is not conclusive in support of this contention, nor so clearly and palpably against the findings of the court as to justify a reversal.

2. The relation of principal and agent existed between the parties, at least up to the time the contract of sale was made and entered into. If that relation was not then terminated, it is probable that defendant is entitled to compensation for its services. Plaintiffs had listed the land with defendant for sale, and authorized it to procure a purchaser thereof. Subsequently defendant itself became the purchaser, and entered into an enforceable executory contract for the purchase of the property, by the terms of which defendant undertook and agreed to pay plaintiffs for the land the sum of $3,400. Defendant's right to a commission was clearly merged in this express contract, by which the relation of the parties was entirely changed; and the trial court

properly held that, in the absence of a special agreement for compensation, defendant thereby forfeited whatever right it had to insist upon compensation for effecting a sale. Kingsley v. Wheeler, 95 Minn. 360, 104 N. W. 543; Smitz v. Leopold, 51 Minn. 455, 53 N. W. 719; Dobson v. Racey, 8 N. Y. 216; Stewart v. Mather, 32 Wis. 344; Hammond v. Bookwalter, 12 Ind. App. 177, 39 N. E. 872. At the time of the execution of the sale contract the name of the vendee was not stated, and defendant subsequently inserted its own name therein as the purchaser. Plaintiffs did not know that defendant was the purchaser, and the evidence did not require of the trial court a finding that after they learned that defendant was buying the land, with knowledge of the fact, they agreed to pay a commission for its services. The completion of the transaction after notice would not necessarily obligate the vendor in such a case to pay a commission to the purchaser. Nor was the court, on the evidence, required to find that defendant continued throughout as the selling agent of plaintiffs, and that the transaction took this form for convenience. The evidence tending to establish that fact not only contradicted the written contract of sale, but the claim that such was the intention and purpose is wholly inconsistent with the unquestioned fact that defendant attempted to acquire through the Ewart execution sale a title to the property adverse to plaintiffs, who, if defendant's contention in this particular be sound, had the right to rely upon defendant, as their agent, to protect their rights. The trial court correctly disposed of the question.

The case is wholly unlike Sherwood v. Lovett, supra, page 83, 129 N. W. 141. In that case the parties did not bear to each other the relations of principal and agent.

Order affirmed.