## MICHAEL LUSSNIG AND THERESA LUSSNIG, HIS WIFE v. INVESTORS SECURITY ASSOCIATION AND ANOTHER.[1]

### December 16, 1921.

### No. 22,540.

**Homestead right of wife waived by her joinder in deed.**

The evidence sustains a finding that a deed of the homestead of the plaintiffs, husband and wife, was executed by both, and that it was delivered. The contract for the sale of the homestead, in which the wife did not join, was void; but her joinder in the deed, which was intended to be delivered, and which was deposited in escrow, waived her homestead rights upon its subsequent delivery.

Action in the district court for Hennepin county to set aside conveyances made upon an exchange of land. The case was tried before Bardwell, J., who made findings and ordered judgment in favor of defendants for $747.25. From an order denying their motion for amended findings and judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Affirmed.

*Westphal & Ochu,* for appellants.

*George A. Lewis,* for respondents.

DIBELL, J.

Action to set aside certain conveyances made by the plaintiffs to the defendants on an exchange of lands. There were findings for the de-

[1]Reported in 186 N. W. 574.

fendants. The plaintiffs appeal from the order denying their motion for a new trial.

The plaintiffs are husband and wife. On June 27, 1918, the plaintiff Michael Lussnig entered into a contract with one Shircliff, representing the defendant association, for an exchange of lands. Among those which Lussnig was to give was his homestead property in Minneapolis. Mrs. Lussnig did not join in the contract. It was therefore void. She joined in a deed executed by her husband to the association. Her claim is that she did not knowingly sign the deed, but thought she was signing a mortgage in renewal of a mortgage then upon the homestead.

The contract of June 27 provided for putting the deeds in escrow to be delivered upon performance. The trial court found that the deeds were delivered in escrow, and that the defendant performed and received the deed of the homestead. The evidence was such as to justify the court in finding that the wife knowingly signed the deed, intending that it would be delivered in the exchange, and that the husband deposited it in escrow. The joinder of the wife in the deed waived her homestead rights, and a subsequent delivery by the husband in escrow was valid. Knopf v. Hansen, 37 Minn. 215, 33 N. W. 781. The evidence sustains the finding of execution and delivery.

An accounting was had, by consent of the parties, as to certain receipts and expenditures of the parties in connection with the properties exchanged. The claim of the plaintiffs for improvements upon their homestead property was by consent not considered. There is a claim that the defendant received $180 in interest for which it did not account. We do not find proof of this.

Order affirmed.