## C. J. SHERWOOD v. GERTRUDE ROSENSTEIN.[1]

December 20, 1929.

No. 27,396.

[1]Reported in 228 N. W. 339.

*Elliott, Coursolle & Kelly,* for appellant.
*L. A. & A. P. Reed,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying her alternative motion for judgment non obstante or a new trial.

Plaintiff, a realtor, seeks to recover $650 for services. Defendant owned and listed with plaintiff for sale an eight-family flat building. He negotiated an exchange agreement with one Ruedy which called for a conveyance of a dwelling house which was Ruedy's homestead. This exchange agreement was signed by defendant and Ruedy. It was not signed by Ruedy's wife. It contained a provision that defendant could view the Ruedy property, and if found other than as represented or as understood by her it was to be void.

On the day after Ruedy signed the agreement defendant notified plaintiff that she would not go on with the transaction, claiming only that the property was not as represented. She had, when she received her copy of the agreement, signed a paper agreeing to pay plaintiff $650 "at the closing of the deal" in cash for services.

■ The exchange agreement embracing Ruedy's homestead, not being signed by his wife, was void. Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817; Lussnig v. Investors Sec. Assn. 150 Minn. 491, 186 N. W. 574; Horseth v. Fuglesteen, 165 Minn. 39, 205 N. W. 607. Its invalidity was a sufficient reason for defendant's repudiation

thereof. She did not do so. Had the refusal to complete the transaction been based upon this ground plaintiff might have been able to have procured the signature. Had he then failed therein that would have ended the matter. Perhaps defendant did not appreciate her rights incident to this fatal defect in the efficacy of the contract. But after consulting counsel she chose to refuse to proceed upon the ground above stated. It is important to keep in mind that this controversy is not between the parties to the exchange agreement.

■ The rule is that where the principal has good grounds for refusing to consummate the transaction but does not include them in his specification of grounds for refusal he cannot urge them when sued. He is not permitted thus to mend his hold. The theory is that if he would speak in season the other party might remove the alleged obstacle and that if he will not speak when he should he will not be heard to speak when he would. 9 C. J. 627, § 103; Johnson v. Stewart & Hay Bldg. Co. 171 Mo. App. 543, 153 S. W. 511; Stanton v. Barnes, 72 Kan. 541, 84 P. 116; Fiske v. Soule, 87 Cal. 313, 25 P. 430; McDermott v. Mahoney, 139 Iowa, 292, 115 N. W. 32, 116 N. W. 788; Braniff v. Baier, 101 Kan. 117, 165 P. 816, L. R. A. 1917E, 1036; Overton v. Harrison, 207 Ala. 590, 93 So. 564; Fenn. v. Ware & Owens, 100 Ga. 563, 28 S. E. 238; Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790; Blood v. Shannon, 29 Cal. 393; Ohio & Miss. Ry. Co. v. McCarthy, 96 U. S. 258, 24 L. ed. 693; Smith v. Keeler, 151 Ill. 518, 38 N. E. 250. It may be that the rule is not operative upon an incurable defect. Mutchnick v. Davis, 130 App. Div. 417, 114 N. Y. S. 997. We need not decide. No effort was made in this case by anyone to show whether the wife would or would not have signed the contract or the deed to be given.

■ The question of whether defendant waived the efficient defense that the wife had not signed the contract was submitted to the jury, which found that she had. This may have been too favorable to defendant. There was no presumption that Ruedy could not consummate the transaction even though he could not be compelled to do so. Crevier v. Stephen, 40 Minn. 288, 41 N. W. 1039. The presumption is to the contrary, as hereinafter stated. Unless the

principal waives his defenses he is entitled to expect an enforceable contract. Huntley v. Smith, 153 Minn. 297, 190 N. W. 341. But a seller's liability for a commission is necessarily determined by his contractual relations with his broker, and it is possible for him through his own conduct to subject himself to liability even though he does not procure a contract enforceable against the purchaser. He may have to pay when he himself cannot perform. Hamlin v. Schulte, 34 Minn. 534, 27 N. W. 301.

■ By the terms of the contract Ruedy contracted to perform. His solvency and financial ability to do so are presumed. Grosse v. Cooley, 43 Minn. 188, 45 N. W. 15; Goss v. Broom, 31 Minn. 484, 18 N. W. 290; 9 C. J. 645, § 116. Likewise the presumption is that he could perform all the covenants of his agreement, which included the delivery of a deed with his wife's signature thereto.

■ Defendant also urges that the exchange agreement was void for uncertainty and indefiniteness and was therefore unenforceable. But this defense under the rule above stated is unavailable to defendant since it was not specified as a ground of refusal.

■ Upon the trial defendant sought to prove that the property was not as represented or as understood by her. To show this was her privilege. But her effort consisted of an attempt to prove what other persons told her. Many questions were correctly excluded because they called for a conclusion. She had a right to call witnesses to prove the value or condition of the property. She also had a right to testify as to her understanding and explain and prove by competent witnesses how the property was "otherwise." This was not done. The court did not prevent such. To prove that it was not as represented she should have disclosed the representations and then shown the condition, character or value by competent witnesses. She made no effort to do this. Her testimony as to what other persons said about the property was hearsay and inadmissible.

Affirmed.