## ESPENLAUB *v.* SHEETZ.

[No. 15,177. Filed March 31, 1936. Rehearing denied July 2, 1936.]

*W. C. Clippinger,* for appellant.

*Craig & Mitchell,* for appellee.

BRIDWELL, J.—Appellee brought this action against appellant to recover an amount alleged to be due him on account of appellant having repudiated and breached a contract made between them whereby appellee, as agent of appellant, agreed to sell a used automobile owned by appellant, appellee to receive for his services in so doing an amount equal to any excess of $300.00, which appellee might procure from a purchaser of said automobile.

The complaint alleges, among other things, the making of said contract; that appellee procured a purchaser who was ready, able, and willing to purchase said automobile for $400.00; that appellant refused to transfer and convey said automobile to the purchaser so procured, and breached the contract, although appellee had done and performed all things by him to be performed under the agreement; that appellee had repeatedly demanded payment of the amount of $100.00, due him under the contract, and that appellant has failed and refused to pay the same, or any part thereof. The complaint was answered by general denial, and, thereafter, the cause was submitted to the court for trial. Upon appellant's request, the court made a special finding of facts, and stated its conclusions of law thereon. The special finding is as follows: (1) "That on or about the 28th day of January, 1931, the defendant, George H. Espenlaub, and the plaintiff, Elmer L. Sheetz, entered into a verbal contract whereby the said defendant con-

tracted and engaged with the plaintiff, that the plaintiff procure a purchaser for one Studebaker President Eight automobile, owned by the defendant; (2) that by virtue of said contract, the plaintiff was to sell the said automobile for cash, and was to retain or receive, as and for his compensation for effecting such sale, such part of the purchase price therefor as exceeded the sum of Three Hundred Dollars ($300), which latter sum was to be received by the defendant in consideration of his transfer and sale of said automobile to the purchaser to be secured by the plaintiff under the said contract; (3) that the plaintiff, while the said contract was in force and effect, on March 13, 1931, procured a purchaser for the said automobile, who was ready, able and willing to purchase the same for the sum of Four Hundred Dollars ($400.00), to be paid in cash; (4) that the defendant was advised, by the plaintiff, of the fact of said sale, but the defendant refused to so execute, assign and deliver the said Certificate of Title thereto; (5) that of the sum of Four Hundred Dollars ($400), which the purchaser, procured by the plaintiff, agreed to pay for said automobile, the plaintiff was, by the terms of the agreement between himself and the defendant, to receive or retain the sum of One Hundred Dollars ($100), as his compensation; that the said sum of One Hundred Dollars ($100) together with interest thereon at the rate of six per centum (6%) per annum from and after the 13th day of March, 1931, represents the loss or damage to the plaintiff, resulting from the refusal of the defendant to sell and transfer the said automobile to the purchaser procured by the plaintiff; and that the plaintiff has not received from the defendant, nor been paid by the defendant, any part of the said sum of One Hundred Dollars ($100), or the interest thereon."

Upon the facts as found, conclusions of law were stated, as follows: (1) "The law is with the plaintiff in

this case, and the plaintiff is entitled to recover, on his complaint herein, against the defendant, George H. Espenlaub; (2) that the plaintiff fully performed his contract or undertaking with the defendant; (3) that the defendant wrongfully breached the said contract with the plaintiff; (4) that the plaintiff is entitled to recover of and from the defendant, the total sum of One Hundred Twelve Dollars and Fifty-seven Cents ($112.57), representing the principal of One Hundred Dollars ($100) and interest thereon in the sum of Twelve Dollars and Fifty-seven Cents ($12.57); (5) that the plaintiff is entitled to recover of and from the defendant, George H. Espenlaub, his costs laid out and expended in this case."

Appellant excepted to each of the conclusions of law, and judgment in accordance with said conclusions was rendered in favor of appellee for the sum of $112.57, and costs.

In due course appellant filed his motion for a new trial, asserting as causes therefor, that the decision is not sustained by sufficient evidence, and that the decision is contrary to law. This motion was overruled; appellant excepted and perfected this appeal. The errors assigned are the overruling of the motion for a new trial, and error in each of the conclusions of law.

Appellant's contention is that the evidence without conflict proves that appellee was to pay him $300.00, in cash, at his office before he, under the terms of their contract, was under any obligation to transfer the title to said automobile to any purchaser procured by appellee; that no such payment was made or tendered, and that he had, therefore, not breached the contract. The court fails to find any facts to sustain the contention of appellant that cash was to be paid prior to transfer of

title, and the facts found are inconsistent with such contention.

We have read and considered the evidence in the case, and the evidence shows that appellant authorized appellee to sell the automobile in question, and agreed that appellee should have for his services if he sold said automobile, any excess of $300.00, of the purchase price; that appellee found a purchaser who was able, willing, and ready to pay $400.00, cash, upon the transfer to him of the certificate of title to said automobile; that appellee informed appellant as to the sale he had made and as to whom it was made, and tried to induce appellant to assign the certificate of title to the purchaser he had procured, and that appellant refused to do so. The contract was a verbal one, and the evidence is of such character that the court below might reasonably find the facts to be as stated in its special finding.

An agent to sell designated personal property, who procures a purchaser who is willing, ready, and able to buy upon the terms of sale authorized by the owner of the property, is entitled to recover his commission from such owner when the owner, for reasons of his own, refuses to take the necessary steps to consummate the sale. *Reed* v. *Light* (1908), 170 Ind. 550, 85 N. E. 9; *McFarland* v. *Lillard* (1891), 2 Ind. App. 160, 28 N. E. 299; *Stauffer* v. *Linenthal* (1902), 29 Ind. App. 305, 64 N. E. 643.

The evidence is sufficient to sustain the decision of the court, and in view of the facts found, there is no error in the conclusions of law stated, nor in the action of the court in overruling appellant's motion for a new trial.

Judgment affirmed.