B. REMPLE v. DANIEL C. HOPKINS and Another.[1]

April 12, 1907.

Nos. 15,108—(78).

**Broker's Commission—Complaint.**

The complaint in an action to recover commissions for finding a purchaser of land construed, and *held* that it states facts sufficient to constitute a cause of action.

Appeal by defendants from an order of the municipal court of Minneapolis, Waite, J., overruling their demurrer to the complaint. Affirmed.

*Chas. E. Bond,* for appellants.
*Fred W. Reed,* for respondent.

START, C. J.

This is an appeal from an order of the municipal court of the city of Minneapolis overruling a general demurrer to the complaint, the here material allegations of which are substantially these:

The Saskatchewan Valley Land Company, the owner of a large amount of land, entered into a contract with the defendants to act as its agents for the sale of the land within certain designated counties of this state, for which services the defendants were to be paid by the company fifty cents for each and every acre of its land sold to persons in such counties; all sales to be made according to terms and prices made by it, and the defendants having no discretion as to such prices and terms. Thereupon the defendants entered into a contract with the plaintiff and Frank Schroeder by which they agreed to pay them a

[1] Reported in 111 N. W. 385.

commission of thirty five cents an acre on all land of the company for which they should find purchasers living in the town of Butterfield, which is within one of the designated counties. The plaintiff and Schroeder had by the terms of the contract no discretion as to prices or terms of sale, but were required to produce purchasers who would buy according to the list and terms made by the company. Thereafter the plaintiff and Schroeder, acting under their contract, produced as a purchaser of a part of such lands the plaintiff, who purchased from the company six hundred forty acres of its land on the terms and prices made by the company, and thereafter, and before the commencement of this action, the company paid to the defendants as their commission on the land so purchased by the plaintiff, fifty cents for each acre thereof, pursuant to the agreement between them and the company. Both the plaintiff and Schroeder lived in the town of Butterfield at the time such purchase and sale were made. The defendants refused to pay the plaintiff and Schroeder the stipulated commission of thirty five cents an acre for producing a purchaser for the six hundred forty acres, and Schroeder duly assigned all his interest in the claim to the plaintiff.

The contention of the defendants, briefly stated, is that the complaint shows upon its face that the plaintiff, as their agent, was guilty of such a breach of duty in substituting himself as a purchaser in place of a third party as to defeat the claim of himself and Schroeder for commissions. It is true, as the defendants claim, that the law exacts absolute good faith on the part of the agent toward his principal, and that any profits made by the agent as a result of a breach of such duty belong to his principal. It does not, however, appear upon the face of the complaint, whatever the fact may be, that the plaintiff and Schroeder, or either of them, were guilty of any breach of any duty which they owed to the defendants, or that they made any profits by any alleged violation of their contract of agency. On the contrary, it appears on the face of the complaint that the defendants received their full commissions on the sale of the land sold to the plaintiff. We are of the opinion that the complaint states a cause of action.

Order affirmed.