# W. C. SHERWOOD v. C. E. LOVETT.[1]   .

December 23, 1910.

Nos. 16,772—(104).

**Agreement for division of broker's commission valid.**

. A real estate dealer reported to another dealer that he had a prospective purchaser for property listed with the second dealer for sale. It was agreed that, if a sale was effected to such prospective purchaser, the second dealer would divide equally the commission he was to receive from the owner of the property. The second dealer then executed in due form an executory contract for the sale of the property, wherein the terms of sale were all definitely stated. The name of the purchaser was not disclosed, and was not inserted in the contract; the agent being named as vendee. The dealer so procuring the contract of sale was interested as purchaser with the undisclosed party, and this fact was not disclosed. The contract was subsequently carried out by the owner of the property, with full knowledge on his part and on the part of his agent of that interest. The owner paid the full commission to his agent. *Held*, that the agent procuring the contract of sale to the undisclosed prospective purchaser was not an agent of the owner of the property, nor of the agent having the property for sale, and that the agreement for a division of the commission was valid.

**No reversible error.**

Record examined, and found to present no reversible errors.

Action in the district court for St. Louis county to recover $875, one-half the commission upon a sale of real estate. The facts are stated in the opinion. The case was tried before Hughes, J., and a jury which returned a verdict in favor of plaintiff for $922.40. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

[1]Reported in 129 N. W. 141.

---

[Note]   Validity of broker's agreement to divide commission with another, see note in 45 L.R.A. 40.

Right to commissions where two or more real-estate brokers acting for the. same person are instrumental in effecting sale of property, see note in 23 L.R.A. (N.S.) 164; and note in 27 L.R.A. (N.S.) 195.

*W. J. Stevenson* and *Henry F. Greene,* for appellant.
*H. J. Grannis,* for respondent.

BROWN, J.

The facts in this case are substantially as follows:

One Potter, a resident of the state of Ohio, was the owner of certain real property situated in this state. Defendant, Lovett, was his agent, residing at Duluth, with authority to sell the same. R. M. Hunter was a real estate agent, residing at Duluth, and doing business under the firm name of J. C. & R. M. Hunter. Plaintiff was a real estate dealer, also residing at Duluth. Hunter and plaintiff were familiar with the Potter property and its value, and entered into an arrangement between themselves to obtain an option or executory contract for the sale thereof, with the view of a possible subsequent sale to some third person, and to divide equally the profits made.

In pursuance of the arrangement, Hunter went to defendant, the agent of the owner of the property, and informed him that he (Hunter) had a prospective purchaser, and asked for terms of sale, and whether defendant would divide his commission if Hunter effected the sale. Defendant named $65,000 as the selling price, which was acceptable to Hunter, and defendant agreed to divide with Hunter the commissions to be paid by the owner of the property if the sale was made. A contract for the sale of the property was then entered into. Hunter stated to defendant that the proposed purchaser did not care to have his name known for the present, and the contract was made out in the name of "J. C. & R. M. Hunter, Agents, Purchaser." The contract fully specified the terms of sale, and fixed sixty days within which it should be carried out by the delivery of the deed, abstract, and payment of purchase price. Defendant had no information at this time that Hunter was interested as a purchaser of the property.

The contract of sale was extended on two different occasions, and before the expiration of the last extension Potter, the owner of the land, died. Subsequent to his death the contract was carried out by the executors, and the property deeded to Augusta Berg, who in turn

executed a mortgage thereon to secure the deferred payments. It was, however, known and understood that plaintiff was the real purchaser, that Hunter was interested therein with him, and the closing of the transaction took this form, so that plaintiff could avoid becoming personally liable upon the mortgage. It was fully understood, both by the executors of the estate and by defendant, their agent, that Hunter and plaintiff were both interested as purchasers some time before the transaction was closed, and it was finally consummated with full knowledge of that fact. Plaintiff and Hunter hoped and expected to make a profit on a resale of the property, but there is no evidence that any such profit was in fact made.

Subsequent to the transaction Hunter assigned to plaintiff his contract with defendant for one-half the commission paid by the Potter estate, and this action was brought to recover thereon. A verdict was returned for plaintiff, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

1. It is the contention of defendant that Hunter became by the transaction with defendant an agent for the sale of the property, and as such charged with all the duties and obligations incident to that relation, and, having a prior agreement with plaintiff to share in the profits of a resale, which he concealed from defendant, could not enforce the agreement for a division of defendant's commission, and nothing, therefore, passed by his assignment of the contract to plaintiff; in other words, that the evidence conclusively shows that Hunter was secretly attempting to obtain a commission or profit from both parties while acting as the agent of each—citing Webb v. Paxton, 36 Minn. 532, 32 N. W. 749, Smitz v. Leopold, 51 Minn. 455, 53 N. W. 719, Merriam v. Johnson, 86 Minn. 61, 90 N. W. 116, and other similar cases. In this we are unable to concur.

Hunter was not clothed by the defendant, or the owner thereof, with authority to sell the property. After his arrangement with plaintiff, by which they expected to be able to make a resale after purchasing from Potter, Hunter stated to defendant, the agent of the owner, that he had a prospective purchaser, but did not disclose his name. Plaintiff was in fact that person. After discussing the

subject, defendant executed to Hunter an enforceable executory contract for the sale of the property, which after one or two extensions was finally carried out. This clearly was not vesting in Hunter authority to go out upon the market and look up purchasers, nor was he under any obligation to do so. He was vested with no discretion in the premises whatever. He was authorized to complete the particular transaction, and to secure the performance of the executory contract of sale, on the terms there prescribed, but was under no obligations to look for other purchasers, or to make more advantageous terms of sale. His sole adverse intent was in the hope and expectation that a sale might be made under the authority of the contract, or after plaintiff became the owner, which would inure to his benefit. To this extent he was interested as a purchaser. But his hopes were not realized. No profits were made by a resale.

Under such circumstances, it cannot well be held as a matter of law that Hunter violated any duties owed by him to defendant or to Potter, or that he was by the transaction placed in a position of trust or confidence toward them. The fact that he was interested as a purchaser did not deprive him of the right to share in defendant's commission as agreed upon. The full commission was paid to defendant, and the sale was brought about through the efforts of Hunter, and completed with full knowledge of his interest therein. He therefore earned the agreed compensation. Remple v. Hopkins, 101 Minn. 3, 111 N. W. 385; Selover v. Isle Harbor Land Co., 91 Minn. 451, 98 N. W. 344. It follows that the court properly refused defendant's request for a directed verdict.

2. The trial court submitted the issues to the jury, and permitted them to determine what relation Hunter bore to defendant and Potter, charging them that if he was their agent, and as such was vested with discretionary authority respecting a sale of the property, he would not be entitled to share in defendant's commission. We have examined the charge of the court, and discover no error therein of which defendant can complain. The court, on the authority of Remple v. Hopkins, supra, would have been justified in directing a verdict for plaintiff. The controlling facts being practically un-

disputed, Hunter's right to the agreed division of defendant's commission is fully sustained by that case.

As this disposes of the case, it becomes unnecessary to consider in detail the various assignments of error.

Order affirmed.