## E. C. RUBLE v. A. O. RUBLE.[1]

April 13, 1951.

No. 35,380.

*E. C. Ruble* and *Ralph S. Parker,* for appellant.
*H. Leigh Ronning,* for respondent.

MAGNEY, JUSTICE.

Plaintiff and defendant, brothers, are the owners of undivided interests in certain real property in Willmar. This action was brought to compel defendant to convey his 4/14 interest to plaintiff.

In the fall of 1946, defendant orally offered to sell to plaintiff his interest in the property for $8,000 cash or $2,500 cash and the balance on payments. Before acting on defendant's offer, plaintiff sold a house in Minneapolis in order to raise the money. On November 29, 1946, he wrote defendant:

"I came up from Mpls two days ago to see you but cant find you so am writing my acceptance of your price and terms on your share

[1]Reported in 47 N. W. (2d) 420.

of the Ruble Block and inclosing my ck for $1500.00 down pmt.

"I made arrangements so can get all the cash so you can make out papers either for cash or terms as you stated with on or before privilege and take papers to the First Security Natl Bank and leave there and get balance of pmt. * * *"

Plaintiff testified that he had $6,500 in a Minneapolis bank, which could be sent by wire to the Willmar bank any day. On December 2, 1946, defendant wrote plaintiff that he had made other arrange-ments and suggested to plaintiff that the $1,500 be applied on certain notes held by defendant against plaintiff. The $1,500 check was delivered by defendant on February 17, 1947, to T. O. Gilbert, plaintiff's friend and attorney, who had possession of the check for some time. As nothing further happened, payment on the check was stopped.

Prior to the time defendant made plaintiff the offer to sell, a partition action involving the property in question had been instituted by defendant. What became of this action the record fails to disclose. It was not tried. Plaintiff claims that as part consideration for the deal defendant was to dismiss the partition suit.

On these facts, the trial court dismissed the action. Plaintiff appeals from the order denying his motion for a new trial.

■ Plaintiff is attempting to enforce what he claims is an oral contract to convey real estate, claiming that the alleged oral contract was taken out of the statute of frauds under the doctrine of Brown v. Hoag, 35 Minn. 373, 29 N. W. 135. The obstacles he is encountering are insurmountable. In the first place, under plaintiff's own testimony, no contract was ever consummated between the parties. Plaintiff said that defendant offered to convey to him his undivided interest in the property for either $8,000 cash or $2,500 cash and terms. The acceptance by plaintiff in his letter of November 29, 1946, quoted above, was not in the terms of the offer. It was a tender of a personal check for $1,500 and the offer of arrangements for cash or terms to make up the balance of the purchase price. An acceptance must be in terms of the offer in order to create a contract. Langellier v. Schaefer, 36 Minn. 361, 31 N. W.

690; Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126; Lewis v. Johnson, 123 Minn. 409, 143 N. W. 1127, L. R. A. 1915D, 150; Henry Simons Lbr. Co. v. Simons, 232 Minn. 187, 44 N. W. (2d) 726.

The acceptance was in effect a rejection of the original offer and a counteroffer for new and different terms. Kileen v. Kennedy and Lewis v. Johnson, *supra*. Since no contract between the parties came into being, there is no contract here to be specifically enforced.

■ Plaintiff claims that the selling of his Minneapolis property at a sacrifice in order to finance the purchase of the property here involved created such a change of his position as to constitute part performance. Plaintiff sold his Minneapolis property before he wrote the letter purporting to accept defendant's offer to sell. So that, even if a contract in fact had been consummated between plaintiff and defendant at the time the so-called letter of acceptance was received by defendant, plaintiff's disposal of his Minneapolis property was not made in furtherance of any contract then in existence, or in reliance on performance of a contract by defendant. The part performance which will make an oral contract to convey real property specifically enforceable must be done in reliance upon and in pursuance of an existing contract. Koch v. Fischer, 122 Minn. 123, 142 N. W. 18; Bresnahan v. Bresnahan, 71 Minn. 1, 73 N. W. 515. Acts ancillary or preparatory to performance are not sufficient. Lanz v. McLaughlin, 14 Minn. 55 (72); see, Bennett v. Harrison, 115 Minn. 342, 349, 132 N. W. 309, 311, 37 L.R.A.(N.S.) 521.

In our opinion, the trial court properly disposed of the action. Order affirmed.