C. K. D. MINAR v. D. A. SKOOG.[1]

December 7, 1951.

No. 35,606.

*Tom E. Davis* and *L. J. Lauerman,* for appellant.
*Gilbert & Floren,* for respondent.

CHRISTIANSON, JUSTICE.

Appeal from an order sustaining demurrer to complaint in action for specific performance of a contract alleged to have arisen from the exercise of an option for the purchase of real estate.

At all times pertinent herein, plaintiff, as the surviving lessee, has occupied in the city of Willmar a portion of a building under a lease from defendant's predecessor in interest. The lease contains the following provision:

"If the lessor * * * elects to sell said building, the lessees shall have the first option of purchasing the same."

On January 12, 1950, defendant gave plaintiff a written notice which stated:

"I am about to sell the premises * * * .

*"In accordance with the terms of said Lease I am now giving you the first opportunity to purchase said building,* and I now require of you that you state hereon whether you desire to purchase the same and at what price. In other words *you will state hereon your best and highest offer* in order that I may know definitely what you will pay in view of the fact that I already have a definite offer from another party to purchase the building, and unless your offer matches or succeeds the offer already obtained I propose to sell it to the party who has made me said definite offer." (Italics supplied.)

Thereafter plaintiff was otherwise informed by defendant that the price to be paid by the third party was $37,000. Subject to plaintiff's option, defendant had in fact made a contract to sell the premises for such amount. In reply to defendant's notice of proposed sale, plaintiff on January 20, 1950, wrote defendant that any offer he made for the purchase of the building was made subject to the furnishing of a marketable title, and he further wrote as follows:

"* * * I hereby tender to you the sum of $37,000.00 in full as purchase price of the building * * *.

"If, for any reason, we have not been correctly informed by you as to the amount of the bona fide offer for purchase of the buildings, * * * I wish it to be clearly and distinctly understood that I do not waive my original option rights as contained in our lease * * *.

"* * * this letter constitutes an exercise of the option rights * * *.

* * * * *

"P. S. I request and demand that I be notified concerning your acceptance or rejection of my offer as herein contained on or before ten (10) days of the date hereof; I further demand that you take no action to transfer, * * * to any person, * * *, except to convey to myself, unless I shall be first notified * * *, so that I can take such steps as I might desire to take to protect my option."

On February 3, 1950, defendant's attorneys wrote to plaintiff "that the offer contained in your letter of January 20 * * * is not acceptable and is hereby rejected." This letter of rejection further advised plaintiff that defendant for the present no longer contemplated selling the premises.

The foregoing letters, as well as defendant's notification of proposed sale, are incorporated into the complaint as attached exhibits and must be considered in determining the facts raised by the demurrer.

For the purpose of this opinion, we shall assume, *without so deciding*, that the option embodied in the lease, as amplified by the verbal communications between the parties, was sufficiently definite

so that it could be exercised to create a valid contract.[2] At the outset, it must be borne in mind that a contract conferring an option to purchase is nothing more than an irrevocable and continuous offer to sell.[3] In order to exercise an option so as to create a contract of purchase and sale, the irrevocable offer, like any other offer, must be accepted according to its terms.[4]

■ Do we have a valid acceptance by the lessee of the terms of the option offer? In passing upon questions of offer and acceptance, as determinative of whether a contract has thereby been created, courts normally require a greater exactitude than when they are asked to salvage an existing contract. Henry Simons Lbr. Co. v. Simons, 232 Minn. 187, 44 N. W. (2d) 726.

"It is true that there is much room for interpretation once the parties are inside the framework of a contract, but it seems that there is less in the field of offer and acceptance. Greater precision of expression may be required, and less help from the court given, when the parties are merely at the threshold of a contract. If a court should undertake to resolve ambiguities in the negotiations between parties, disregard clerical errors, and rearrange words, leaving out some and putting in others, it is hard to see where the line of demarcation could be drawn and the general effect would inevitably be a condition of chaos and uncertainty." United States v. Braunstein (D. C.) 75 F. Supp. 137, 139, appeal dismissed (2 Cir.) 168 F. (2d) 749.

■ An acceptance, to be valid and to give rise to a binding contract, must be made in unequivocal and positive terms which comply *exactly* with the requirements of the offer. If the acceptance seeks to vary, add to, or qualify the terms of the offer, it is not positive and unequivocal, and constitutes a rejection of the offer

---

[2]See, Restatement, Contracts, §§ 32, 33.

[3]Shaughnessy v. Eidsmo, 222 Minn. 141, 23 N. W. (2d) 362, 166 A. L. R. 435; Suhre v. Busch, 343 Mo. 170, 120 S. W. (2d) 47; Restatement, Contracts, §§ 24, 46, 47.

[4]For presumption as to resulting bilateral contract, see Restatement, Contracts, § 31.

and a counteroffer.[5] A valid acceptance must not only embrace the terms of the offer with exactitude, but it must be unequivocally expressive of an intent to create thereby, *without more*, a contract.[6]

In applying these principles, we cannot say that plaintiff's letter, construed as a whole, constituted a positive and unequivocal acceptance so as to create a contract. The letter blew hot and cold. Although by its terms plaintiff agreed to pay $37,000 and stated that he intended his letter to constitute an exercise of the option, by demanding that he be notified of the acceptance or rejection of his offer within ten days, he negatived any intent thereby to create, without more, a contract. A valid acceptance creates forthwith a binding contract. It is not subject to rejection and does not require any further approval by the original offeror. In other respects, plaintiff's letter bespeaks something in the nature of a counteroffer or further negotiation rather than the positive and unequivocal acceptance of an offer. To validly exercise his option, plaintiff was required to make an unequivocal and positive acceptance. A counteroffer would not suffice, even though made in response to an invitation from defendant.

The order of the trial court is affirmed.

Affirmed.

---

[5]Podany v. Erickson, 235 Minn. 36, 49 N. W. (2d) 193; Ruble v. Ruble, 234 Minn. 15, 47 N. W. (2d) 420; Ames & Frost Co. v. Smith, 65 Minn. 304, 67 N. W. 999; Krohn v. Dustin, 142 Minn. 304, 172 N. W. 213; Restatement, Contracts, §§ 58, 59, 60; 2 Dunnell, Dig. & Supp. § 1740; 1 Williston, Contracts (Rev. ed.) §§ 72, 73, 77.

[6]United States v. Braunstein (D. C.) 75 F. Supp. 137, 139-140, appeal dismissed (2 Cir.) 168 F. (2d) 749; 1 Williston, Contracts (Rev. ed.) § 72.