MINNEAPOLIS STAR AND TRIBUNE COMPANY v.
STATE AND OTHERS.

163 N. W. (2d) 46.

November 22, 1968—No. 41131.

*Faegre & Benson, Robert J. Christianson,* and *Gordon G. Busdicker,* for appellant.

*Douglas M. Head,* Attorney General, and *Milton H. Altman* and *Sydney Berde,* Special Assistant Attorneys General, for respondents.

OTIS, JUSTICE.

This is an action brought by Minneapolis Star and Tribune Company (hereafter called the Star) against the State of Minnesota, the Minnesota State Board of Medical Examiners (hereafter called the Board), and Dr. J. P. Medelman, its secretary. It seeks to obtain a declaratory judgment and mandatory injunction to compel defendants to make available for plaintiff's inspection all records of meetings of the Board held during 1967 up to May 31 when this action was commenced. Defendants moved for dismissal under Rule 12.02, Rules of Civil Procedure. In response, plaintiff sought an order requiring defendants to grant immediate access to the records of the Board's meetings. The trial court denied the Star's motion for a mandatory injunction and granted defendants' motion for dismissal. Plaintiff appeals from that order and from the judgment which followed.

The dismissal as to the state was based on sovereign immunity. On appeal, plaintiff does not challenge the correctness of that part of the trial court's order and judgment.

The issue is narrowed to whether a newspaper has a right to inspect minutes of the Board's meetings to determine what, if any, disciplinary action has been taken against a particular member of the medical profession. Defendants concede that the status of a doctor's license is information properly available to the Star and to all other members of the public, but they resist plaintiff's demand to see their minutes for any other purpose.

Defendants correctly point out that plaintiff's prayer is not thus confined. However, in view of the limited information now sought by plaintiff, and the Board's willingness to furnish it, the issues raised on appeal seem to be moot. We hesitate to range broadly over the questions of plaintiff's standing,[1] what constitute official records, or the necessity for disclosing the Board's minutes if there is no genuine controversy.

The principal issue litigated in the trial court and briefed in this court centers on whether the statutory definitions of a state agency, and the inclusion or exclusion of the State Board of Medical Examiners in the Reorganization Act and Administrative Procedure Act, bring the Board within the provisions of the official records statute, Minn. St. 15.17.

Section 147.01 provides in part as follows:

"* * * The board [of medical examiners] shall have a common seal, which shall be kept by the secretary, whose duty it shall be to keep a record of all proceedings of the board, including a register of all applicants for license under this chapter, giving their names, addresses, ages, educational qualifications, and the result of their examination. These books and registers shall be prima facie evidence of all the matters therein recorded."

Section 15.17 provides in part:

"Subdivision 1. All officers and agencies of the state, and all officers and agencies of the counties, cities, villages, and towns, shall make and keep all records necessary to a full and accurate knowledge of their official activities. * * *

* * * * *

"Subd. 4. * * * Except as otherwise expressly provided by law, he [every custodian of public records] shall permit all public records in his custody to be inspected, examined, abstracted, or copied at reasonable times and under his supervision and regulation by any person; * * *."

Section 16.011, originally L. 1939, c. 431, art. 2, § 2, excepts pro-

---

[1] Matter of United Press Assns. v. Valente, 308 N. Y. 71, 123 N. E. (2d) 777.

fessional and regulatory examining and licensing boards from the definition of "agency of the state" as that term is used in c. 16, which is a part of the so-called Reorganization Act. L. 1939, c. 431.

Section 15.15, originally L. 1939, c. 431, art. 8, § 13, also removes professional and regulatory examining and licensing boards, including the Board of Medical Examiners, from the provisions of the 1939 Reorganization Act. Article 8, § 15, of the 1939 act, now Minn. St. 15.14, provides that no subsequent law shall be construed as inconsistent with the 1939 act or shall limit or abrogate its effect except as such subsequent act may expressly provide that the 1939 act shall not be applicable or shall be superseded, modified, amended, or appealed.

For purposes of applying the Administrative Procedure Act, § 15.0411, subd. 2, defines "agency" as any board having statewide jurisdiction and authorized by law to make rules or to adjudicate contested cases. As amended, it does not now expressly exclude the Board of Medical Examiners from its application. In the Administrative Procedure Act, adopted as L. 1945, c. 452, professional and regulatory boards were excluded. L. 1957, c. 806, which repealed and superseded c. 452, also exempted them. Minn. St. 1961, § 15.0411, subd. 2. L. 1963, c. 633, removed the exclusion of such boards.

We have concluded that it was not the intention of the legislature to expose the minutes of the Board of Medical Examiners to indiscriminate public scrutiny by the adoption of § 15.17. The statutes which attempt to define agencies and officers of the state either expressly or by implication confine the application of the definition to the particular chapter in which it is found, such as the Reorganization Act and Administrative Procedure Act. While § 147.01 requires the Board to keep a record of its proceedings, it does not expressly provide that such records shall be available to the public.[2] It may be inferred, however, that anyone having a special and direct interest in the records has a right to examine them, and that the public generally may obtain upon inquiry all relevant information concerning the status of members of the medical profession within the jurisdiction of the Board. However,

---

[2] Kottschade v. Lundberg, 280 Minn. 501, 160 N. W. (2d) 135.

we hold that the trial court was correct in denying plaintiff unlimited access to the minutes of the Board.

Without showing any special interest or standing, the Star as a member of the public is entitled to know whether any official disciplinary action has been taken against a particular doctor and, if so, the reasons for such action.[3] The mechanics of obtaining such information can undoubtedly be worked out between the parties without judicial intervention.

Plaintiff acknowledges defendants' duty to protect the confidentiality of any privileged material which may involve an unwarranted invasion of privacy.[4] It has no right to inspect records which contain charges, investigations, reports, and discussions between members of the Board, their employees, and complainants, or allegations which may be uncorroborated and unsupported.[5]

---

[3] Appellant's brief asserts: "Specifically, the Newspaper seeks to examine only such records of the board as embody complaints or petitions brought before the board which have given rise to disciplinary or other official action by the board and the action taken by the board with respect to such matters."

[4] Totten, Administrator, v. United States, 92 U. S. (2 Otto) 105, 23 L. ed. 605; Trimble v. Johnston (D. D. C.) 173 F. Supp. 651; City Council v. Superior Court, 204 Cal. App. (2d) 68, 21 Cal. Rptr. 896.

[5] An affidavit by defendant Medelman, in support of his motion to dismiss, states in part: "The licensure duties described in paragraph 3 and the regulatory duties described in paragraph 4 both involve the Board in the performance of investigative and quasi-judicial functions. In connection with its performance of these functions, unevaluated communications, statements, and information are often imparted to or received by the Board in official confidence, the disclosure of which would impair the effective performance of its duties and adversely affect the public interest. For example, unevaluated charges of a malicious, scurrilous, or defamatory character may be received which, if disclosed, would unfairly injure the character and reputation of innocent persons both in and out of the medical profession.

\* \* \* \* \*

"\* \* \* The files and minutes of the Board of Medical Examiners contain, in addition to the above-described confidential communications, correspondence from private persons, memoranda prepared by its legal counsel, communications from attorneys representing persons subject to the Board's juris-

In so far as the minutes disclose disciplinary action against a particular doctor, plaintiff is entitled to know what misconduct or impropriety prompted the action taken by the Board. However, the Board has the right in its discretion to withhold the source of its information where, in its judgment, a disclosure would violate a privileged or confidential communication from patients and other informants. In the event a further dispute arises as to what disciplinary action has been taken and what the minutes show concerning the reasons for it, the trial court will inspect the records in camera and determine what part is available to plaintiff.[6]

Accordingly, the matter is remanded to permit the trial court to supervise an inspection of the Board's records for the limited purposes recited, if the parties are unable to agree on what information is properly forthcoming.

Remanded.

diction in connection with pending or closed matters, and correspondence and memoranda between Board members."

[6] State ex rel. Youmans v. Owens, 28 Wis. (2d) 672, 137 N. W. (2d) 470, 139 N. W. (2d) 241.