C. "CURT" MALMIN v. SOPHIA R. GRABNER AND ANOTHER.

163 N. W. (2d) 39.

November 22, 1968—No. 41058.

C. *Stanley McMahon,* for appellants.

*Streater, Murphy & Brosnahan* and *Robert D. Langford,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

MURPHY, JUSTICE.

The defendants appeal from an order of the district court denying their motion for amended findings or, in the alternative, for a new trial. The case involves recovery for the reasonable value of labor and materials furnished in remodeling commercial property. Contrary to the contention of the defendants that the plaintiff entered into a contract to do work for a fixed price, the trial court found that the plaintiff was entitled to a greater amount of compensation on the basis of the reasonable value of labor and materials furnished.

Although the facts are disputed, it appears from the record that the court could well find that plaintiff, C. "Curt" Malmin, a carpenter and builder, was approached by the defendants, Karl Grabner and his wife Sophia, who were interested in converting a grocery store into two efficiency apartments. On October 13, 1965, at defendants' request, plaintiff prepared a sketch of the proposed project and estimated the cost at $5,000, plus $274.50 for two picture windows. On October 25, 1965, defendants asked for a written proposal which plaintiff prepared on the assumption that defendants would remodel the building according to plaintiff's sketch. The proposal of October 25 included the explanation, "actual labor and materials cost to be used in billing." The plaintiff

further provided that the labor was to be paid for on the basis of $4.80 per man hour. The estimated cost for labor and materials was again $5,274.50. The plaintiff and defendants had discussed various alternative plans. Mrs. Grabner suggested that she would furnish a workable plan as she was not sure that she wanted to use the sketch prepared October 13, 1965, by plaintiff. No plan was ever submitted by her, however, although plaintiff repeatedly asked that she submit one.

Authorization was given to begin work about November 1, and on December 8, 1965, plaintiff requested partial payment but did not receive it. About the middle of December, defendants asked plaintiff for a statement to use in securing a bank loan. The statement was to include a breakdown of costs involved in the project. The statement submitted by plaintiff included $2,500 for work finished or in progress and a final figure of $7,274.50, designated "estimated total." The latter figure included an item of $2,000, which represented Mr. Grabner's independent contribution to the improvement of the upstairs area and is not involved in this litigation. With this statement defendants obtained a loan from the bank and paid plaintiff the sum of $2,500 about January 11, 1966.

Upon completion of the work, plaintiff submitted his final bill in the amount of $11,029.29, which defendants refused to pay. It appears that while the work was being performed, defendants requested substantial changes from the original proposal, including rewiring of the entire downstairs; relocation of a partition wall dividing the two apartments which necessitated an otherwise unnecessary reinforcement of a main bearing beam; finishing of the interior woodwork; changing doors; adding an outside entrance for basement and upstairs; and closing an existing entrance.

■ It is the contention of defendants that there was an agreement between the parties that the maximum price for the work and labor to be performed would not exceed $5,274.50 and that plaintiff is bound by that agreement. The defendants argue that "Malmin's representations before and during the project that the total cost would be $5,274.50 * * * binds him, as a matter of law, to a recovery of not to exceed that figure and the Court's failure to so find and to amend his findings accordingly constituted reversible error." The trial court, in reviewing the evidence,

recognized that the negotiations between the parties were conducted on an informal basis without an agreement or understanding as to the precise work to be done and the actual cost thereof. The plaintiff never submitted a fixed bid to defendants. In his memorandum the trial judge observed: "This lawsuit was partially brought about by the poor business methods of the plaintiff and the owners." The trial court disallowed a substantial part of plaintiff's claim because the work was not all done, part of it was not up to standard, and some of the materials were defective. The trial court found that the reasonable value of labor and materials furnished was $9,500 as against plaintiff's claim of $11,029.29. The findings of the trial court recite:

"* * * [T]he only contract made between the parties was to the effect that the plaintiff was to do the carpenter work and supervise the project. The plaintiff * * * did limit the hourly rate of the employees and himself to $4.80 an hour. During the project * * * the remodeling plans of the owners changed, necessitating considerably more work and materials than was originally ordered.

*     *     *     *     *

"The reasonable value of the labor and materials as they were furnished in the improvement of the real estate hereinbefore described was $9,500."

This finding is supported by the evidence. The documents of October 13 and October 25, 1965, are identified as estimates and express nothing more than an approximation of what the cost of the project might be. The latter document expressly states that the actual labor and material costs are to be used in billing, a fact inconsistent with defendants' claim that there was a contract for a fixed price. There is no merit to defendants' contention that plaintiff's statement given for the purpose of a bank loan indicates an agreed contract price. As we observed in Bierlein v. Gagnon, 255 Minn. 143, 147, 96 N. W. (2d) 573, 577, in considering a similar argument:

"* * * At best, it was only an estimate intended to assist defendants in obtaining a loan. It was not conclusive on the issue of whether the parties

had entered into a contract. Its evidentiary value was for the trial court to determine."

In reviewing the issues presented, it must be kept in mind that the existence of a contract is primarily a question of fact to be determined by the trial court on the basis of the evidence presented and the surrounding circumstances. Seitz v. Sitze, 215 Minn. 452, 10 N. W. (2d) 426; Alsdorf v. Svoboda, 239 Minn. 1, 57 N. W. (2d) 824; Delyea v. Turner, 264 Minn. 169, 118 N. W. (2d) 436. The findings of the trial court are entitled to the same weight as those of a jury and will not be reversed unless manifestly and palpably contrary to the evidence. Here the record supports the trial court's finding that the only contract between the parties was that plaintiff was to do the carpentry work and supervise the project.

Affirmed.