# AUSTIN BREKKEN v. LeROY HOLIEN AND OTHERS.

182 N. W. (2d) 717.

December 31, 1970—No. 42166.

*Francis H. Watson,* for appellants.

*Lampe, Schmitz & Fossum, Robert G. Lampe,* and *Peter J. Schmitz,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and Rosengren, JJ.

CHESTER G. ROSENGREN, JUSTICE.*

This case is before this court on an appeal from an order of

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

the district court denying appellants' motion for amended findings of fact, conclusions of law, and order for judgment, and for an order vacating a judgment rendered pursuant thereto. That motion was made after judgment had been rendered which by its terms enforced against appellants a mechanics lien for the construction of a structure. We affirm.

■ Initially, it should be noted that the order from which appellants have attempted to appeal is not an appealable judgment or order. Rule 103.03, Rules of Civil Appellate Procedure. However, under the circumstances presented in this case, we have determined not to rigidly apply Rule 103.03, but to consider the matter on its merits. In reaching this conclusion, we have considered the fact that there was a final judgment from which appellants could have made a timely appeal. See, Rule 102, Rules of Civil Appellate Procedure. Moreover, we are mindful of the fact that respondent herein made no motion to dismiss until after expiration of the time in which a proper appeal could have been timely taken.

■ This action was commenced to enforce a statutory mechanics lien for labor and materials supplied by respondent, a building contractor, in building a house and garage for appellants. The reasonable value of said labor and materials was asserted to be $17,605.70, and respondent sought recovery in that amount, less $11,012.89 credit for payments made and $286.63 for merchandise returned. Appellants resisted the action, claiming essentially that respondent had given them a firm bid to build the structure at a price not to exceed $12,500 and that appellants had relied upon such representation in authorizing the commencement of work.

After extensive testimony had been taken, the trial court granted judgment for respondent for $6,054.18 plus interest and costs pursuant to a finding of fact that appellants were indebted to respondent for furnishing labor and materials on an open and

running account at the request of appellants for the construction of the dwelling house and garage.

The issue on this appeal is whether the evidence presented was sufficient to sustain the factual determination of the trial court that the labor and materials were furnished by agreement on an open and running account, or whether the evidence was such as to require a determination as a matter of law that respondent had contracted to build a structure for a price not in excess of $12,500. After examining the records and exhibits in this case, we are of the opinion that there was adequate evidentiary support for the determination of the trial court.

In reviewing the sufficiency of the evidence with respect to support for the action of the trial court, the function of this court is to consider the evidence in the light most favorable to the party prevailing below and to determine whether, when so reviewed, the evidence reasonably tends to support the factual determination of the trial court. Caroga Realty Co. v. Tapper, 274 Minn. 164, 143 N. W. (2d) 215; 1B Dunnell, Dig. (3 ed.) § 411.

So viewed, the evidence introduced below was sufficient to support the trial court's determination. Although there was testimony by appellants to the effect that they had thought respondent had given them a firm proposal to build a house and garage for not more than $12,500, there was other credible evidence tending to show that no such arrangement was made and that the labor and materials were furnished on an open account.

It appears that respondent, after visiting with appellants and discussing the possibility of constructing for them a new home, prepared a sketch of the proposed structure. No specifications or material lists were prepared and apparently there was no agreement as to details such as floor coverings and fixtures to be put in the house. Appellants instructed respondent to commence building the structure, which he did. Throughout the course of the construction, numerous changes in the plans were made at the request of appellants. The location of the structure was changed to a point further away from the abutting road,

causing the builder some difficulty in getting materials to the site, with resultant increased expense. After construction of the garage was in progress, a change in the size of the garage and the roof overhang was requested, and some erected materials had to be torn out to effect the change. Numerous changes were made with reference to interior construction, decoration, and fixtures. Throughout the construction, the respondent from time to time submitted itemized bills to appellants for payment.

On the basis of such evidence, the trial court found that appellants were indebted to respondent for the reasonable value of labor and materials supplied and, by implication, that there was no contract obligating respondent to build the home for not more than $12,500.

The conclusion that the contractor's submission of a sketch and estimate without specifications did not bind him to do the work for the $12,500 price indicated is in accord with the previous decision of this court in Malmin v. Grabner, 282 Minn. 82, 163 N. W. (2d) 39, in which we affirmed the determination of the trial court that a contractor's sketch and estimate of cost did not constitute an agreement as to ultimate cost. In that proceeding, as in the one now before us, there was evidence that substantial departures from the original proposal were made as work progressed. In that opinion, we observed (282 Minn. 86, 163 N. W. [2d] 41):

"In reviewing the issues presented, it must be kept in mind that the existence of a contract is primarily a question of fact to be determined by the trial court on the basis of the evidence presented and the surrounding circumstances. * * * The findings of the trial court are entitled to the same weight as those of a jury and will not be reversed unless manifestly and palpably contrary to the evidence."

Those observations apply as well to the record in the instant appeal, and the action of the trial court should be affirmed.

Affirmed.