Harry A. SWICKER, et al.,
Respondents,

v.

Charles A. RYAN, Respondent,

Louis Yotter, Respondent,

Kermit Dicke, Appellant.

No. C5–83–1756.

Court of Appeals of Minnesota.

April 4, 1984.

Owen L. Sorenson, St. Paul, for appellant.

Kenneth A. Skrien, Cannon Falls, for Harry A. Swicker et al.

Thomas E. Wolf, Rochester, for Charles A. Ryan.

Louis Yotter, pro se.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

Appellant Dicke filed the notice of appeal and statement of the case on November 7, 1983. The notice stated that the appeal was taken from a judgment granted on August 5, 1983, and filed August 8. The statement of the case stated that the appeal was from a judgment granted May 2, 1983, amended judgment granted August 5, and filed August 8. The statement also indicated that a full transcript was required. No transcript was ordered and no transcript certificate or an agreed statement of the record was filed.

On May 3, 1983, the trial court filed its findings of fact, conclusions of law and order for judgment. The August 5 order of the court, filed on August 8, was an order amending the findings and conclusions of the trial court. Although the notice stated that the appeal was taken from a judgment filed on August 8, 1983, the judgment was not actually entered until November 2, 1983.

On February 13, 1984, more than 90 days after the judgment was filed, respondent Swicker moved this court for dismissal of the appeal as taken from a non-appealable order, and for appellant's failure to timely order a transcript and to file a brief.

At oral argument on the motion to dismiss, appellant Dicke's counsel stated that at the time he filed the notice of appeal he was unaware that judgment was entered on November 2, although he later received a copy of the judgment.

### ANALYSIS

1. Appellant Dicke appealed from non-appealable orders. An order for judgment and an order amending findings are not appealable. Rule 103.03, Minn.R.Civ. App.P.

2. Appellant did not properly file a notice of appeal from the November 2, 1983 judgment and an appeal from the judgment was not perfected.

3. Rule 110.02, subd. 1, Minn.R.Civ. App.P., requires that a transcript be ordered within 10 days after filing the notice of appeal. Subdivision 2 of the rule provides that a certificate as to the transcript, signed by the court reporter and the designating counsel, be filed with the clerk of the appellate courts within 10 days of the date the transcript was ordered.

4. Appellant did not file a certificate as to the transcript or notify the respondent that no transcript or statement would be ordered or prepared; nor has he filed a prepared transcript.

5. Rule 131.01, Minn.R.Civ.App.P., provides that an appellant must serve and file the brief and appendix within 30 days after

delivery of the transcript. If no transcript is obtained, appellant must serve and file the brief within 30 days of filing the notice of appeal. Appellant did not serve or file a brief.

6. Because of appellant's neglect in ordering the transcript, the appeal is significantly delayed and respondents Swicker are prejudiced in their ability to collect on their judgment or in interest earnings.

7. Appellant's counsel argues as good cause for the delay 1) that he and his law firm have been extremely busy; 2) that he relied on a law clerk to interpret the new rules of appellate procedure for him; and 3) that he was erroneously awaiting a prehearing conference before pursuing his appeal. None of these arguments is sufficient to explain or excuse the delays.

8. While we are mindful of *Brekken v. Holien, et al.*, 289 Minn. 95, 182 N.W.2d 717 (1970) and the court's discretionary authority to consider the matter on the merits irrespective of legal procedural defects, the case load before Minnesota appellate courts in 1984 requires a firm application of the new rules of appellate procedure. The bench and bar had sufficient time since August 1, 1983, the effective date of the new rules, and November 1, 1983, the effective date of the implementation of the Court of Appeals to become aware of the necessity for firm judicial and calendaring administration. Failure of counsel to follow the rules, or to timely make appropriate motions cannot be countenanced. Unfamiliarity with the rules, a heavy work load, or overwork is not good cause. The rules must be viewed as the guideposts for efficient court administration. We intend to apply them firmly and reasonably.

## DECISION

Failure of appellant to process an appeal, appealing from a non-appealable order and failure to timely order a transcript, are sufficient grounds to grant the motion of dismissal. This matter is dismissed.