Donald WUCHERPFENNIG,
Plaintiff and Appellant,

v.

Elizabeth DOOLEY, Defendant
and Appellee,

and

Louise Grettum, and all persons un-
known who have or claim any interest
in the property hereinafter described,
Defendants.

Civil No. 10578.

Supreme Court of North Dakota.

July 11, 1984.

Arntson, Hagen, Wentz & Klein, Fargo, for plaintiff and appellant; argued by Karen K. Klein, Fargo.

Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for defendant and appellee; argued by Steven K. Aakre, Fargo.

SAND, Justice.

Donald Wucherpfennig appealed from a district court judgment dismissing his claim for specific performance of an alleged contract for the sale of land. We affirm.

Donald Wucherpfennig, Elizabeth Dooley, and Louise Grettum are the children of Fred and Harriet Wucherpfennig. Fred died in 1964 and Harriet died in 1977. The family farm, consisting of four quarters of land, passed to Donald, Elizabeth, and Louise by their parents' wills. The quarter which includes the farmstead, known as the "home quarter," was devised as follows: two-thirds undivided interest to Donald, one-sixth undivided interest each to Elizabeth and Louise. Each of the three children received a one-third undivided interest in the remaining three quarters.

During the probate of Harriet's estate, Elizabeth expressed an interest in selling her share of the property to Donald. On 4 January 1979, Elizabeth sent to Robert Case, the attorney handling the probate of the estate, a letter which stated:

"Now if Don wants to buy my share of the real estate, I will sell it to him for $200 an acre, provided it is a cash deal & handled promptly."

Case responded by letter dated 13 January 1979, stating that Donald was "interested" in purchasing Elizabeth's interest in the

property. Case subsequently followed up with another letter, dated 17 February 1979, the entire text of which states:

"Donald has made arrangements with the Federal Land Bank to secure funds to purchase your interest in the estate farmland and we are therefore ready to proceed with this transaction. Please let me know the exact dollar amount that you expect to receive for your interest in the land.

"I must know also if you are willing to sign the agreement relating to Special Use Valuation.

"Please let me hear from you regarding these matters."

Elizabeth did not respond to this letter, but revoked her offer to sell the land to Donald for $200 per acre by a letter dated 9 March 1979.

Donald brought an action seeking to enforce the contract which he alleges was formed by Elizabeth's offer of 4 January and his acceptance as communicated in Case's letter of 17 February. Donald also sought, in the alternative, partition of the property. By consent of the parties the specific performance action was tried first.

The district court found that there was no acceptance of Elizabeth's offer, and that even if there had been an acceptance the resulting contract could not have been specifically enforced. Judgment dismissing Donald's claim for specific performance was entered, and Donald appealed.

The court listed four separate bases for dismissal of the action, and any one of these, standing alone, would be sufficient to support a denial of specific performance. Therefore, in order to warrant reversal on appeal the appellant must establish that all four of these conclusions are erroneous. Because we agree with the district court that there was no acceptance, it is unnecessary for us to reach the remaining issues.

■■■ The acceptance of an offer must be absolute, unequivocal, and unconditional, and it may not introduce additional terms or conditions. Section 9–03–21, N.D. C.C.; *Cooke v. Blood Systems, Inc.*, 320 N.W.2d 124, 128 (N.D.1982); *Grossman v. McLeish Ranch*, 291 N.W.2d 427, 430 (N.D. 1980); *Greenberg v. Stewart*, 236 N.W.2d 862, 868 (N.D.1975). In order to form a contract, the offer and acceptance must express assent to the same thing. *Grossman, supra*, 291 N.W.2d at 430; *Greenberg, supra*, 236 N.W.2d at 868. A valid acceptance must be unequivocally expressive of an intent to create thereby, *without more*, a contract. *Markmann v. H.A. Bruntjen Co.*, 249 Minn. 281, 286, 81 N.W.2d 858, 862 (1957); *Minar v. Skoog*, 235 Minn. 262, 266, 50 N.W.2d 300, 302 (1951).

■■■ There is no dispute that Elizabeth offered to sell the property for $200 per acre. Donald claims that Case's letter of 17 February unequivocally accepted that offer. However, Case's letter merely states that Donald "has made arrangements ... to secure funds" and that they were "ready to proceed with this transaction." In the next sentence of the letter, Case asks Elizabeth to let him know the exact dollar amount that she expected to receive for the land.

The language of the 17 February letter does not embody an absolute, unequivocal, and unconditional acceptance of Elizabeth's offer, and is not expressive of an intent to create, without more, a contract. The terms of the letter appear to be more in the nature of negotiations with a view toward reaching an agreement in the future. Case states that Donald is "ready to proceed" and asks what amount Elizabeth expects to receive for her interest in the property. These are hardly the words of an unequivocal, unconditional acceptance of Elizabeth's offer.

In addition, the testimony of Donald at trial lends further support to the conclusion that the parties never assented to the same terms. In response to a question by Elizabeth's counsel asking why an exact dollar amount was not included in the 17 February letter, Donald stated:

"A. The exact dollar amount would have been $37,200.00. And that would have been somewhat less than she would

have thought she was entitled to. And had we sent a contract at that time with the $37,200.00 in it, I'm sure she wouldn't have signed it."

The parties can hardly be said to have mutually assented to the terms of a contract when Donald admits that he believed Elizabeth was expecting more than $37,-200, the amount he intended to pay, and that she would not have agreed to that amount.

We conclude that Donald did not accept Elizabeth's offer prior to her revocation of the offer on 9 March 1979, and thus there is no contract between the parties. The judgment of the district court dismissing Donald's claim for specific performance is affirmed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.