**Curtis L. HOUGH, Appellant,**

v.

**Donald HARVEY, Respondent.**

**No. C5–87–101.**

Court of Appeals of Minnesota.

Aug. 4, 1987.

Michael D. Quayle, Dudley R. Younkin, Green, Merrigan, Johnson & Quayle, P.A., Minneapolis, for appellant.

Thomas A. Foster, Foster, Waldeck & Lind, Ltd., Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN, JJ.*

## OPINION

LOMMEN, Judge.

This appeal is from a judgment in an action for breach of contract. Appellant Curtis L. Hough claims that respondent Donald Harvey accepted his offer to sell his stock in Castlewood Arabians, Inc., and Castlewood Corporation for $45,000 and assumption of a note for $176,000. He claims that Harvey's conduct manifested an acceptance of his offer, creating a binding contract which Harvey then breached by his failure to assume the note. The trial court held that Harvey did not accept appellant's offer, and no contract was formed. We affirm.

## FACTS

The facts are not disputed. In August of 1984, appellant became dissatisfied with the management of two related corporations in which he held an interest, Castlewood Arabians, Inc., and Castlewood Corporation. Appellant then told Roger Hauge, a lawyer and the managing shareholder of the corporations, that he desired either control of the corporations, or to be bought out. He told Hauge that his terms for a buy-out were (1) return of the $45,000 he had invested in the two corporations, and (2) the assumption of a $176,000 note for which he was personally obligated at the Suburban National Bank of Eden Prairie (Bank).

Roger Hauge then located respondent as a potentially interested party. On August 13, 1984, the parties met to discuss the purchase of appellant's interest. Two events took place in September: Hauge and respondent went to the bank to discuss respondent's assumption of the note, and respondent loaned Castlewood Arabians $45,000. Castlewood Arabians then,

through Roger Hauge, tendered two checks for $25,000 and $20,000 to appellant. Appellant accepted the checks and then endorsed the stock certificates in blank.

Although the bank had approved respondent's assumption of the note, respondent took no action to do so. Instead, in November of 1984, respondent notified appellant that he wished to have an audit made of the corporation's books. The audit was performed, and respondent deemed it prudent not to invest in the corporations.

Appellant then brought this action against respondent claiming that he had believed that he was selling his stock to respondent, not Castlewood Arabians, and further, that respondent had, through his conduct, manifested an intent to accept his offer, thereby creating a binding contract. Appellant claimed that it was only after the creation of the contract that respondent expressed an unwillingness to complete the transaction. Appellant thus claimed that respondent had breached the contract, and sought damages.

The trial court concluded that respondent's actions did not manifest an intent to accept appellant's offer to sell his interests in Castlewood Arabians and Castlewood Corporation, and that he did not express a willingness to be bound by the terms which were discussed. The trial court stated that although the parties had held preliminary discussions concerning respondent's proposed purchase of appellant's interests, no contract was ever formed by the parties. The trial court ordered judgment for respondent. Appellant's motion for amended findings of fact, conclusions of law and order for judgment was denied. The trial court entered judgment on December 16, 1986. Appeal is made from the December judgment.

## ISSUE

Did the trial court err in determining that respondent did not manifest an intent to accept appellant's offer to sell his interests in the corporations?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

In his post-trial motion, appellant accepted the trial court's findings of fact but disputed its conclusions of law as clearly erroneous. On appeal from the judgment, he once again challenges those conclusions and we review the denial of his motion for amended conclusions of law. *See* Minn.R. Civ.App.P. 103.04.

Appellant argues that he believed that the two checks were from respondent, not Castlewood Arabians, and further, that respondent "secretly" loaned Castlewood Arabians the money, making it appear as if respondent were actually purchasing appellant's interest. Appellant claims that the negotiations, the subsequent purchase of the stock, and respondent's discussion with the bank regarding assumption of appellant's note manifest an intent to accept appellant's offer, creating a binding contract.

The existence of a contract is primarily a question of fact to be determined by the trial court on the basis of evidence presented and the surrounding circumstances. *Malmin v. Grabner*, 282 Minn. 82, 86, 163 N.W.2d 39, 41 (1968). An acceptance of an offer requires an expression of the intention by word, sign, writing, or act communicated to the offeror or to his agent. *Pierce v. Foley Bros., Inc.*, 283 Minn. 360, 374, 168 N.W.2d 346, 355 (1969). The acceptance must comply in all respects with the requirements of the offer. *Haugland v. Canton*, 250 Minn. 245, 248, 84 N.W.2d 274, 277 (1957); *Minar v. Skoog*, 235 Minn. 262, 265, 50 N.W.2d 300, 302 (1951). If the acceptance differs substantially and materially from the terms of the original offer, it does not give rise to a completed contract. *Markmann v. H.A. Bruntjen Co.*, 249 Minn. 281, 286, 81 N.W.2d 858, 862 (1957).

The trial court concluded that respondent had not manifested an intent to accept appellant's offer. The trial court found that respondent (1) had discussed with appellant his terms for a buy-out, (2) went to the bank to discuss assumption of appellant's note, (3) loaned $45,000 to Castlewood Arabians, (4) informed appellant that he wanted an auditor to examine the corporation's books before fully committing himself to the deal, and (5) took no further action to assume the note.

We agree that respondent's actions did not constitute an acceptance of appellant's offer. First, respondent did not purchase appellant's interest. He lent Castlewood Arabians $45,000, and then the company bought appellant's interests. Appellant does not claim that Roger Hauge represented to him that respondent was buying the stock. Appellant endorsed the checks in blank, and apparently did not ask who was purchasing the stock.

Secondly, respondent did not assume the $176,000 note, and informed appellant that he wished to have an audit performed before he agreed to purchase the stock. These actions were a substantial and material deviation from the terms of the offer. An acceptance which seeks to vary, add to, or qualify the terms of an offer, is not positive and unequivocal, and constitutes a rejection of the offer and a counteroffer. *Minar*, 235 Minn. at 265–66, 50 N.W.2d at 302.

Since respondent neither purchased appellant's interests, nor assumed the note, his actions cannot be said to have manifested, in positive and unequivocal terms, an intent to comply exactly with the requirements of the offer, and thereby create a binding contract.

## DECISION

The trial court did not err in determining that respondent's actions did not manifest an intent to accept appellant's offer to sell his stock and create a binding contract.

Affirmed.