Jean M. JACOBS, as Trustee for the next-of-kin of Robert Jacobs, deceased, Respondent,

v.

CABLE CONSTRUCTORS, INC., a Michigan corporation, Respondent,

Sirti Limited Corp., a foreign corporation, Respondent,

Seren Innovations, Inc., Respondent,

and

Transcontinental Insurance Company, et al., intervenors, Appellants,

v.

Western National Mutual Insurance Company, third party defendant, Respondent.

No. A04–2191.

Court of Appeals of Minnesota.

Oct. 4, 2005.

---

David Hilton Wright, Halleland, Lewis, Nilan, Sipkins & Johnson, Minneapolis, MN, for respondent Jean M. Jacobs.

Richard P. Mahoney, Victor E. Lund, Mahoney, Dougherty and Mahoney, P.A., Minneapolis, MN, for respondent Cable Constructors, Inc.

Kyle E. Hart, Stephen A. Melcher, Fabyanske, Westra & Hart, Minneapolis, MN, for respondent Sirti Limited Corp.

Cooper S. Ashley, Maslon Law Firm, Minneapolis, MN; and Douglas L. Skor, Mark Solheim, Larson, King, L.L.P., St. Paul, MN, for respondent Seren Innovations.

William M. Hart, Stacy A. Broman, Damon L. Highly, Meagher & Geer, P.L.L.P., Minneapolis, MN, for appellants Transcontinental Insurance Company et al.

James T. Martin, Gislason, Martin & Varpness, P.A., Minneapolis, MN, for respondent Western National Mutual Insurance Company.

Considered and decided by
TOUSSAINT, Chief Judge;
KALITOWSKI, Judge; and WORKE, Judge.

## O P I N I O N

TOUSSAINT, Chief Judge.

Following acceptance of their Minn. R. Civ. P. 68 settlement offers on three claims, appellants, who are excess insurers, sought to recoup from respondent, the primary insurer, the amounts appellants had contributed to the settlements. The parties brought cross-motions for summary judgment. The district court granted summary judgment to appellants with respect to one claim, on the ground that respondent had notice of appellants' intent to recoup when the settlement offer was accepted, and to respondent with respect to the other two claims, on the ground that respondent did not have notice of appellants' intent to recoup when these settlement offers were accepted. Appellants challenge the summary judgment granted to respondent, and respondent challenges the summary judgment granted to appellants with respect to one of the two claims.[1]

## FACTS

The relationship between respondents Seren Innovations (Seren), a contractor, and Cable Constructors, Inc. (CCI), its subcontractor, was governed by a contract that required CCI to provide commercial general liability coverage of at least $1 million for Seren and to defend and indemnify Seren on claims arising out of a project that gave rise to a gas explosion.[2] Appellants Transcontinental Insurance Company and Continental Casualty Company (collectively, CNA) provided primary coverage of $1 million and excess coverage of $25 million to CCI for its defense and indemnification obligations to Seren. Respondent Western National Mutual Insurance Company (Western National) provided excess coverage of $1 million to Seren.

On December 11, 1998, a gas explosion at a project for which Seren and CCI were responsible killed Karl Klang, Robert Jacobs, and Carolyn Sandquist; it also injured several others and damaged property. From the multiplicity of lawsuits brought against Seren and CCI, three actions emerged: the Klang action, the Ja-

---

1. Respondent filed but subsequently withdrew a notice of review of the summary judgment granted to appellants with respect to the other claim.

2. Neither Seren nor CCI filed a brief in this appeal.

cobs action, and the Robins Plaintiffs action, comprising the actions of plaintiffs represented by the law firm of Robins, Kaplan, Miller and Ciresi.

Western National agreed to pay $197,500 toward settlement of the Robins Plaintiffs action and $275,000 toward settlement of the Klang action. Western National then learned of a district court decision that CCI was required to indemnify Seren to the full extent of its coverage from CNA, $26 million. That decision was not appealed and became law of the case.

On December 23, 2003, CCI and Seren made a settlement offer in the Jacobs action under Minn. R. Civ. P. 68. Western National agreed to contribute the $527,500 remaining under its policy limit. Jacobs did not accept the offer.

On December 30, 2003, at a court-ordered settlement conference in the Jacobs action, Western National announced its intention to seek recoupment from CNA and made its contribution to the settlement conditional on its ability to recoup. Jacobs was offered and accepted an amount larger than that offered on December 23, although the amount contributed by Western National remained the same.

CNA then brought a third-party action against Western National, seeking an order that Western National be required to contribute to the Jacobs settlement without conditioning its contribution on its ability to recoup funds from CNA, and Western National counterclaimed against CNA for the $1 million it had contributed to the Klang and Robins Plaintiffs settlements in those actions.

## ISSUES

1. Must acceptance of a Minn. R. Civ. P. 68 offer of judgment comply exactly with the terms of the offer?

2. Must an insurer that intends to recoup its contribution to a Minn. R. Civ. P. 68 settlement offer from another insurer give that insurer notice of the intent to recoup before the offer is accepted?

## ANALYSIS

The relevant facts are not disputed. On appeal from summary judgment when the material facts are not in dispute, appellate review is limited to determining whether the district court erred in its application of the law. *Wells Fargo Home Mortgage, Inc. v. Chojnacki,* 668 N.W.2d 1, 3 (Minn. App.2003).

## I.

*Acceptance of Minn. R. Civ. P. 68 Offer of Judgment*

 A rule 68 offer of judgment is construed according to ordinary contract principles. *Collins v. Minn. Sch. Of Business, Inc.,* 636 N.W.2d 816, 818 (Minn.App. 2001), *aff'd,* 655 N.W.2d 320 (Minn.2003). It is well established that "to give rise to a binding contract, [the acceptance] must ... comply *exactly* with the requirements of the offer." *Minar v. Skoog,* 235 Minn. 262, 265, 50 N.W.2d 300, 302 (1951) (emphasis in original), *see also Abrahamson v. Abrahamson,* 613 N.W.2d 418, 423 (Minn. App.2000); *Rose v. Guerdon Indus., Inc.,* 374 N.W.2d 282, 284 (Minn.App.1985).

Jacobs had not accepted the December 23 offer by December 30, when another offer was made. CNA argues that the offer accepted by Jacobs on December 30 had been made on December 23. But Jacobs never accepted the December 23 offer separately and individually; that offer was accepted only as one element of the December 30 settlement agreement, as the conference transcript reflects.

And the terms of the agreement are as follows. Number one, the [Jacobs]

Plaintiffs accept an offer of judgment in the amount of four million dollars on a non-Pierringer basis that was made on December 23, 2003. In addition, the plaintiffs accept the payment of [confidential] dollars from CNA Insurance Company on behalf of CCI....

Thus, there were two financial components to the agreement that was accepted: first, the original December 23 offer that had not previously been accepted and second, an additional payment. No binding contract was established until the December 30 settlement conference, when Jacobs accepted the exact terms of the offer made that day. The fact that one term of the offer had been made, but not accepted, previously is irrelevant.

## II.

*Notice of Intent to Recoup*

■ CNA argues that Western National is not entitled to recoup its contribution to the Jacobs settlement because CNA did not have notice of Western National's intent to recoup when Jacobs accepted the settlement offer. Western National argues that it is entitled to recoup the amount it contributed to the Klang settlement because CNA had constructive, if not actual, notice of Western National's intent to recoup when Klang accepted the settlement offer. Neither argument has merit.

The record shows that CNA knew Western National intended to recoup its contribution before Jacobs accepted the offer. At the December 30 conference, counsel for Western National stated that, to the extent the settlement was "undermining any claim that Western National has for recoupment," Western National did not agree to the settlement. He added,

I have said throughout the proceedings today that Western National does not go—is not going to pay [confidential] dollars towards this settlement without

an agreement that it was retaining whatever rights it has.... Western National agrees to pay [confidential] dollars towards the settlement of the Jacobs claim on behalf of its insured, Seren Innovations, Inc., but only on the condition that it retains and does not waive its claims for reimbursement of all such amounts against [CNA].

The parties and the district court discussed Western National's intent to recoup at length before Jacobs finally accepted the settlement. CNA therefore had notice of Western National's intent to recoup when the settlement offer was accepted in the Jacobs action.

■ In the Klang action, Western National argues that CNA had constructive notice of Western National's intent to recoup because Western National gave notice to Seren, its insured. Seren did not, in fact, communicate notice of Western National's intent to CNA, but Western National argues that CNA had constructive notice: because CNA "employ[ed] Seren's counsel to communicate demands for contribution from Seren's insurers, including Western National[,] ... it seems appropriate that Seren's counsel should also be considered CNA's agent for purposes of receiving Western National's response...." Western National provides neither evidence of nor legal support for this alleged agency relationship between an insured and its primary insurer. "In the absence of any persuasive evidence of [the elements of agency], there is no agency as a matter of law." *Jurek v. Thompson*, 308 Minn. 191, 200–01, 241 N.W.2d 788, 793 (Minn.1976). Moreover, Seren's counsel were acting in Seren's interest in seeking contributions for the settlement from Seren's insurers, Western National and CNA. Telling CNA that Western National planned to recoup would have been

counter to Seren's interest because it could have deterred CNA's contribution.

## DECISION

CNA had notice of Western National's intent to recoup its contribution when the Jacobs matter was settled; CNA did not have notice of Western National's intent to recoup its contribution when the Klang matter was settled. Therefore, as the district court concluded, Western National is entitled to recoup its contribution to the Jacobs settlement but not its contribution to the Klang settlement.

**Affirmed.**